## STATE *v.* S. H. COOPER.

## (*Jackson.*  April Term, 1908.)

1. **EXTORTION.** What constitutes.

   Extortion at common law is the taking, by the color of an office, of money or other thing of value that is not due, before it is due, or more than is due. Extortion in its general sense signifies any oppression by color of right, but technically it may be defined to be the taking of money by an officer by reason of his office, either where none is due or where none is yet due. (*Post, pp.* 551, 552.)

   Cases cited and approved:  Williams v. State, 2 Sneed, 162; Levar v. State, 103 Ga. 42.

2. **SAME.** For officer to demand and receive a fee before it is due.

   A justice of the peace is guilty of extortion, both under our statutes and at common law, in demanding and receiving a fee allowed by statute before the same is due.  (*Post, pp.* 552, 553.)

   Code cited and construed:  Secs. 6352, 6353, 6387, 6714 (S.); secs. 2269, 5270 (M. & V.); secs. 4517, 4518, 4810 (T. & S. and 1858).

3. **SAME.** Statute referring to time due as well as to amount of fee.

   Our statute providing that no officer shall demand or receive fees or other compensation for any service further than is expressly provided by law refers not only to the amount of the fee, but to the time when it is due by law.  (*Post, pp.* 552, 553, 554.)

   Code cited and construed:  Sec. 6352 (S.); sec. 5269 (M. & V.); sec. 4517 (T. & S. and 1858).

4. **STATUTES.** Not construed to alter the common law, when.

   A statute will not be construed to alter the common law further than the act expressly declares or than is necessarily implied from the fact that it covers the whole subject-matter.  (*Post, p.* 553.)

State v. Cooper.

Cases cited and approved: McCrea v. Galey, 1 Tenn., 251; Moyers v. Brown, 10 Humph., 77; Eaton v. Dickinson, 3 Sneed, 404; Horne v. Railroad, 1 Cold., 77; State v. Miller, 11 Lea, 621; Shaw v. Bank, 101 U. S., 557.

5. **JUSTICES OF THE PEACE.** Taking bail bond is a clerical act.

The taking of a bail bond by a justice of the peace, acting both as judge and clerk of his court, is a clerical act. (*Post*, p. 554.)

6. **CLERKS OF COURTS.** Not entitled to collect fees before termination of suit.

A clerk of a court has no right to collect his fees from a litigant before the termination of the case in which the services are rendered. (*Post*, p. 554.)

Cases cited and approved: Carren v. Breed, 2 Cold., 467.

7. **COSTS.** Defendant acquitted or discharged is not liable for costs, when.

If the defendant in a criminal case pleads not guilty and is discharged, or if he is bound over and the indictment is ignored, or if he is indicted and acquitted, he is not liable for costs. (*Post*, p. 554.)

Code cited and construed: Sec. 7619 (S.); sec. 6465 (M. & V.); sec. 5585 (T. & S. and 1858).

8. **JUSTICES OF THE PEACE.** Not entitled to collect fee for bail bond until final disposition of case.

A justice of the peace has no right to collect his fee of fifty cents for taking a bail bond until it has been adjudged upon some disposition of the case by final judgment that the accused is liable for it. (*Post*, p. 554.)

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.— JAMES W. PALMER, Judge.

ATTORNEY-GENERAL CATES, for State.

J. J. DU BOSE, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an indictment for extortion, preferred against the defendant in error, a justice of the peace of Shelby county, in the criminal court of that county. The defendant by counsel moved the court to quash the indictment, and his motion was sustained, and the indictment quashed. Thereupon the district attorney, for the State, excepted to the ruling of the court, and prayed and was granted an appeal to this court. The record fails to disclose the grounds of the motion of the defendant, and no brief has been filed in his behalf.

The charge in the indictment is that the defendant demanded and received from G. V. Janes, who had been brought before him under arrest upon a warrant charging said G. V. Janes with assault and battery, fifty cents as a fee for taking an appearance bond before said fee was due. The fee collected is the amount allowed by the statute. Shannon's Code, section 6387. No complaint is made of the amount of the fee demanded and received. The gist of the charge is that it was not then due; the bond being for the appearance of Janes before the justice of the peace on a day to which the case before him had been continued.

Extortion under common law has been defined by this

court, upon the authority of Blackstone's Commentaries, to be "the taking, by color of an office, of money or other thing of value that is not due, before it is due, or more than is due." *Williams* v. *State,* 2 Sneed, 162.

It is defined by another able author upon Criminal Law in these words: "Extortion in its general sense signifies any oppression by color of right; but technically it may be defined to be the taking of money by an officer by reason of his office, either where none is due or where none is yet due." 2 Wharton's Criminal Law (9th Ed.), section 1574. All other authorities we have been able to examine are to the same effect. 12 Encyclopedia of Law (2d Ed.), 576, 577; *Levar* v. *State,* 103 Ga., 42, 29 S. E., 467.

The provisions in the Code of Tennessee upon the subject of extortion are as follows:

"No officer is allowed to demand or receive fees or other compensation for any service further than is expressly provided by law.

"If any officer demands or receives any other or higher fees than are prescribed by law he is liable to the party aggrieved in the penalty of fifty dollars to be recovered before any justice of the peace, and is also guilty of a misdemeanor in office." Shannon's Code, sections 6352, 6353.

"*Extortion by Officer.*—For any person knowingly to demand or receive of another for performing any service or official duty for which a fee or compensation is established by law, any greater fee or compensation than

is legally allowed or provided." Shannon's Code, section 6714.

It may be said that these provisions do not make the collection of a lawful fee before it is due extortion. We think the first section quoted does cover such a case. By it an officer is prohibited from demanding or receiving fees for any service further than is expressly provided by law. This not only refers to the amount of the fee, but to the time when it is due by law. But, if this was not so, the indictment would be good under the common law. There is no doubt but that under it the collection of a fee before it becomes due and payable is extortion. There is nothing in our statute affirmatively changing the common-law offense of extortion in this particular. If the statute does not include and cover such a case, it leaves the law as it was before its enactment. It is well settled that a statute will not be construed to alter the common law, further than the act expressly declares or than is necessarily implied from the fact that it covers the whole subject-matter. *Horne* v. *Railroad Co.,* 1 Cold., 77; *State* v. *Miller,* 11 Lea, 621; *McCrea* v. *Galey,* 1 Tenn., 251; *Eaton* v. *Dickinson,* 3 Sneed, 404; *Moyers* v. *Brown,* 10 Humph., 77; *Shaw* v. *Merchants' National Bank of St. Louis,* 101 U. S., 557, 25 L. Ed., 892.

The question then is, was the fee which the State allows for taking a bail bond due when demanded and received by the defendant?

We think clearly it was not, and that the defendant

had no right to demand and receive payment of it, as charged in the indictment to have been done by him.

The taking of a bail bond is a clerical act. It is so when taken by a justice of the peace, as he acts in such matters both as judge and clerk; in other words, he is clerk of his own court.

A clerk of a court has no right to collect his fees from a litigant before the termination of the case in which the services are rendered. *Carren* v. *Breed,* 2 Cold., 467.

The case before the defendant, Cooper, had not been heard. No judgment had been rendered in it. It had not been determined that the defendant was liable for the costs. If he should plead guilty, he could be taxed with the costs; but if he should plead not guilty, and be discharged, the costs would not be adjudged against him. If he was bound over to court and the indictment ignored, or if indicted and acquitted, he would not be liable for costs. Shannon's Code, section 7619.

The defendant, therefore, as justice of the peace, had no right to collect his fee of fifty cents for taking a bail bond until it had been adjudged upon some disposition of the case by final judgment that the defendant was liable for it.

For the foregoing reasons, the judgment of the criminal court is reversed, and the case remanded to that court for further proceedings.