OLSEN *v.* SHARPE *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

E. BRUCE FOSTER and J. W. ROBERTSON, both of Knoxville, for plaintiffs in error, FRANTZ, McCONNELL & SEYMOUR, of Knoxville, of counsel.

POORE, COX, BAKER & McAULEY, HODGES & DOUGHTY and JENNINGS, O'NEIL & JARVIS, all of Knoxville, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal for the construction of a part of the Workmen's Compensation Act, Code, Section 6851 et seq., and the question presented is thus well stated by the plaintiff in error: ''The question involved in this case is whether or not an employee of a principal contractor may sue a sub-contractor, or sub-contractors, at common law for injuries received by said employee while working on the premises covered by the general contract, said injuries being alleged to be due to the negligent acts of the sub-contractor, or sub-contractors, or, his or their agents.''

We take the pertinent facts from the pleadings. In 1949, Merritt-Chapman & Scott had a general contract with the Atomic Energy Commission to construct certain apartments at Oak Ridge, and to make incidental im-

provements such as drains and drives. The plaintiff Olsen is an engineer, who was in the immediate employ of Merritt-Chapman & Scott.

The construction of drives and the furnishing of materials therefor, had been let on sub-contract by Merritt-Chapman & Scott. The defendant, J. D. Phillips, had a sub-contract to haul road materials to the job, and employed the defendant Edward Sharpe to drive a truck for that purpose.

While Olsen, in the course of and within the scope of his employment, was making an inspection of a drain or curb which was work covered by the general contract, the truck belonging to the defendant Phillips, and driven by the defendant Sharpe, was backed by the latter over the body of plaintiff Olsen, inflicting grave injuries for which recovery of damages in negligence as at Common Law, was sought by Olsen in his declaration.

To the declaration, defendants filed pleas in abatement alleging that the defendants were not such third or other persons within the meaning of the Workmen's Compensation Act, Code Section 6865, as rendered them liable to be sued for negligence at Common Law, and alleging that plaintiff's right to compensation from his immediate employer, Merritt-Chapman & Scott, under the Workmen's Compensation Act, precluded all his other rights and remedies. Code Section 6859.

To these pleas in abatement the plaintiff demurred. The Trial Judge overruled the demurrers, sustained the pleas in abatement, and this appeal has resulted.

We have found no reported Tennessee case which controls the present case, on its facts and the relationship of the parties. Here, Olsen, an engineer in the immediate employ of the general contractor, is suing

a sub-contractor, Phillips, and his employee, Sharpe, under the following provision of Section 6865 of the Code: ''Whenever an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages . . . .''

The remaining provisions of this section of the Code are not relevant because in this record, the plaintiff has not made any claim against his immediate employer, but has undertaken to exercise his option and sue the third persons, who are actively responsible for his injuries.

■ Since Olsen is not ''in the employ of any of his sub-contractors'', Code Section 6866, he has no right of action under the Workmen's Compensation Act, either against defendant J. D. Phillips or his driver, Edward Sharpe, compare *McVeigh* v. *Brewer*, 182 Tenn. 683, 189 S. W. (2d) 812.

Code Section 6859 is to be given effect as meaning what it says. The pertinent provision of that section is: ''The rights and remedies herein granted to an employee . . . shall exclude all other rights and remedies . . . .''

Since, from the relationship of the parties as it is presented by the declaration, the Workmen's Compensation Act gives to Olsen no ''rights or remedies'' against either the defendant Phillips or the defendant Sharpe, there are no ''rights and remedies'' which we can hold to be exclusive. It must follow, therefore, that since the Workmen's Compensation Act does not undertake to provide ''rights and remedies'' for the plaintiff against

the defendants here, that Olsen has such rights and remedies against the defendants as he had at Common Law,—an action in tort for negligence.

■ Under a familiar rule of statutory construction, Common Law rights will not be abrogated by implication, and such rights will be denied only when the statute expressly so provides. *Lillienkamp* v. *Rippetoe,* 133 Tenn. 57, 63, 179 S. W. 628, L. R. A., 1916B, 881; *Linder* v. *Met. Life Ins. Co.,* 148 Tenn. 236, 243, 244, 255 S. W. 43. ''If the statute does not include and cover such a case, it leaves the law as it was before its enactment. It is well settled that a statute will not be construed to alter the common law, further than the act expressly declares or than is necessarily implied from the fact that it covers the whole subject-matter.'' *State* v. *Cooper,* 120 Tenn. 549, 553, 113 S. W. 1048, 1049.

Clearly, the Workmen's Compensation Act, as is evident from the several express exceptions set out in Code Section 6856, does not undertake to cover the entire chapter of Master and Servant.

The construction of the Act that we have adopted is not contrary to the rule announced in *Adams* v. *Hercules Powder Co.,* 180 Tenn. 340, 175 S. W. (2d) 319, 151 A. L. R. 1352. There, employees of a sub-contractor undertook to sue the general contractor in negligence as at Common Law, and it was held under Code Section 6866, that since plaintiffs were ''employees of a sub-contractor,'' and so, by the Act, given a right to compensation from the defendant general contractor, that such ''right or remedy'' was exclusive under Code Section 6859. This agrees with our decision of the present case.

As to *McVeigh* v. *Brewer,* 182 Tenn. 683, 189 S. W. (2d) 812, which seems to have been the basis for the de-

cision below, we think the authority of that case is not to be extended beyond the question actually presented for decision. In that case, an employee of a subordinate or more remote sub-contractor, sued in negligence as at Common Law, a prior intermediate sub-contractor (i. e., a sub-contractor who had a sub-contract above that of the plaintiff's employer in the hierarchy), and joined as a defendant, Brewer, the driver of the truck of this intermediate sub-contractor. A truck driven by McVeigh and a truck driven by Brewer, had been in the collision from which the suit arose. The McVeigh case was decided on the authority of *Williams* v. *Buchanan,* 149 Tenn. 639, 261 S. W. 660, by holding that since the plaintiff was given a right to compensation against both defendants, the prior ''intermediate contractor'' and its negligent driver under proper construction of Code Section 6866, that this ''right or remedy'' was exclusive under Code Section 6859. The facts of the McVeigh case did not present the question of the liability of a subordinate sub-contractor and his employees to an employee of the general contractor.

While, as stated, there is no Tennessee case directly in point, there are a number of cases from other jurisdictions where, construing statutes very similar to ours, Courts of Last Resort have reached the same conclusion that we have here. Among these cases are: *Dillman* v. *John Diebold & Sons Stone Co.,* 241 Ky. 631, 44 S. W. (2d) 581; *Davison* v. *Martin K. Eby Const. Co.,* 169 Kan. 256, 218 P. (2d) 219; *Sloan* v. *Harrington,* 117 Neb. 809, 223 N. W. 663; *Parkhill Truck Co.* v. *Wilson,* 190 Okl. 473, 125 P. (2d) 203; *Robinson* v. *Atlantic Elevator Co.,* 298 Pa. 549, 148 A. 847; *Standard Accident Insurance Co.* v. *Pennsylvania Car Co.,* 5 Cir., 49 F. (2d) 73 (Texas Statute).

Cases and Annotations more or less pertinent, are to be found in the following Volumes of A. L. R.: 19 A. L. R. 768; 27 A. L. R. 497; 37 A. L. R. 840; 67 A. L. R. 253; 88 A. L. R. 666, and 106 A. L. R. 1043.

If, on the remand, it is developed that this suit is in fact by the plaintiff's employer or its insurer in the name of the plaintiff against the defendants, Code Section 6865, judgment for the plaintiff, if any, will be entered in accordance with the rules made in *Elkins Construction Co.* v. *Naill Bros.*, 168 Tenn. 165, 76 S. W. (2d) 326, 95 A. L. R. 1429; *Keen* v. *Allison*, 166 Tenn. 218, 60 S. W. (2d) 158; *Old Dominion Stages* v. *Cates*, 6 Cir., 65 F. (2d) 258.

For the reasons stated, the judgment is reversed and the case remanded for entry of an order overruling the pleas in abatement, and for further proceedings consistent with this opinion.

All concur.