MAJORS *v.* MONEYMAKER (two cases).

(*Knoxville*, September Term, 1953.)

Opinion filed July 23, 1954.

STUART F. DYE, HARRY STRAUSS, and KRAMER, DYE, McNABB & GREENWOOD, all of Knoxville, for appellants.

PAUL E. PARKER and JENNINGS, O'NEIL & JARVIS, of Knoxville, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff, Elsie N. Majors, sued the defendant, Elizabeth Moneymaker, in the Circuit Court of Knox County for damages arising out of an automobile accident. Mrs. Majors was riding as an invited guest when the car, which was being operated by the defendant, came in violent collision with another automobile.

There was also instituted a suit for damages by Parnick V. Majors, husband of Elsie N. Majors, against the same defendant to recover for loss of services and expenses, etc. The declaration in each case contains several counts and alleges various acts of actionable negligence.

The defendant, Elizabeth Moneymaker, filed a plea in abatement to the declaration and averred therein that she and the plaintiff were fellow workers and employees of the American National Insurance Company, working out of the Knoxville office of said company; were acting in concert within the scope and course of their employment; that the Insurance Company and the parties had agreed to be bound by the terms of the Workmen's Compensation Law of Tennessee, and that both the plaintiff and defendant were bound by the provisions of said statute. It is further alleged in the plea that both the plaintiff and the defendant were paid compensation by the Indemnity

Insurance Company of North America for injuries resulting from the said accident; that the "defendant is not such other or third party or person within the meaning of the Workmen's Compensation Law of Tennessee as would permit her to be sued for negligence at common law, the plaintiff's rights against her employer and/or its workmen's compensation insurance company being the only right and exclusive remedy of the plaintiff against either this defendant or her employer."

The plaintiff demurred to the plea in abatement, as follows:

"The first ground of defendant's plea in abatement is not sufficient in law because: if plaintiff and defendant were joint entrepreneurs at the time when and place where the accident occurred out of which this action arises, such relationship does not afford any protection to defendant or defense of this action against her in tort for damages.

"The second ground of defendant's plea in abatement is not sufficient in law because: the injuries sustained by plaintiff for which she claims damages in a tort action were caused by the act or acts of the defendant under circumstances creating a legal liability against the defendant to pay damages, the defendant not being plaintiff's employer or such other person legally liable to pay workmen's compensation to her."

The trial judge sustained the plea in abatement and dismissed the plaintiff's suit, holding that under the admitted facts the case is controlled by *McVeigh* v. *Brewer*, 182 Tenn. 683, 189 S. W. (2d) 812, and *Olsen* v. *Sharpe*, 191 Tenn. 503, 235 S. W. (2d) 11.

The same pleadings were filed in the companion case of

*Parnick* v. *Majors* and the same defendant and the same action taken by the court, i. e. sustaining the plea in abatement and dismissing his suit. The cases are here on appeal and the errors assigned complain of the action of the trial court in sustaining the pleas in abatement.

The contention of the plaintiff in error seems to be that Code Section 6859 was entirely changed by Code Section 6865. The sections referred to read as follows:

"6859. *Remedy excludes all other rights and remedies.*—The rights and remedies herein granted to an employee subject to this chapter on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

"6865. *Remedy against negligent third party; employer subrogated, when; lien; limations of actions.*— When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under the act and said injured workman, or those to whom the right of action survives at law, being dependents, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or those to whom the right of action survives, being dependents, by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the amount paid or payable

under this act, and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party must be instituted in all cases within one year from the date of the injury. * * *,"

The sole question made in the assignment of error is that it was error by the trial judge to sustain the plea in abatement because the plaintiff's remedy is not exclusive as provided in Code Section 6859 (quoted herein); her right was to prosecute her common law action against the defendant, she being "some person other than the employer" as provided in Code Section 6865. This latter section has been construed by this Court in a number of cases, the two leading cases being *Olsen* v. *Sharpe*, 191 Tenn. 503, 235 S. W. (2d) 11; and *McVeigh* v. *Brewer*, 182 Tenn. 683, 189 S. W. (2d) 812. These cases are relied on by both appellant and appellee as sustaining their respective contentions. The counsel for Mrs. Majors also rely upon other authorities, and especially Larson, Vol.2, Chapter 14, who discusses "who are third persons" within the meaning and contemplation of workmen's compensation statutes. The author seems to be in sharp disagreement with the construction we have given our own statute. Much of his reasoning is based upon statutes of other jurisdictions. At Section 72, after referring to what is held "in most jurisdictions", it is said: "However, both by statute and by judical decision, the class of persons amenable to third party suit has been in some jurisdictions narrowed to exclude sometimes co-employees, sometimes persons working on the same project, and sometimes all employers and employees who themselves are within the compensation system."

Now in the case at bar the demurrer admits as true the averment in the plea in abatement that the employer, American National Insurance Company, and both the plaintiff and the defendant are within the compensation system, i. e. all were subject to the provisions of the Tennessee Workmen's Compensation Act. Both Mrs. Majors and Mrs. Moneymaker were paid workmen's compensation benefits by their employer's insurance carrier, Indemnity Insurance Company of North America.

It appears that in both the Olsen and the McVeigh cases we dealt with the question of whether or not the defendant was "some other third person" and exempt from a suit at common law. A careful consideration of these cases discloses that the holding is that the employee as well as the employer was protected from suit at common law. In those cases the plaintiff was entitled to claim compensation from his employer and "other sub-contractors". Thus in *Olsen* v. *Sharpe,* supra, [191 Tenn. 503, 235 S. W. (2d) 12], it is held:

"The construction of the Act that we have adopted is not contrary to the rule announced in *Adams* v. *Hercules Powder Co.,* 180 Tenn. 340, 175 S. W. (2d) 319, 151 A.L.R. 1352. There, employees of a sub-contractor undertook to sue the general contractor in negligence as at Common Law, and it was held under Code sec. 6866, that since plaintiffs were 'employees of a sub-contractor,' and so, by the Act, given a right to compensation from the defendant general contractor, that such 'right or remedy' was exclusive under Code sec. 6859."

Now in the case at bar it is clear that the alleged negligence of the defendant is chargeable to her principal, American National Insurance Company, who is also the

common employer of both the plaintiff and the defendant. The negligence of the defendant Elizabeth Moneymaker, created a legal liability against her employer. But, as forcibly and clearly argued by defendant's counsel, the language used in the quoted Code Sections specifically limits the action to "circumstances creating a legal liability against some person *other than the employer*". The Section of the Code 6865 creates a right of subrogation which the employer and/or his insurance carrier has against such third person.

If we should adopt the construction of the Act according to the plaintiff's contention it would result in the following anomalous situation. The insurance company, who paid workmen's compensation benefits to both the plaintiff and the defendant, would in the case at bar recover, by means of subrogation, from the defendant all sums of money which it had paid the plaintiff, Elsie N. Majors. And while the defendant, Elizabeth Moneymaker, could recover only a limited amount under the Workmen's Compensation Act, the plaintiff, Mrs. Majors, and the insurance carrier could recover from the defendant unlimited damages under the common law. The foregoing is in substance the argument of the defendant's counsel in support of the latter's construction of the statute. We think it is logical and give it our unqualified approval.

We furthermore take notice of the fact that in many cases arising under the Workmen's Compensation Act the injury results from the negligence of some fellow employee. If the insurance carrier is subrogated to the rights of an employee against his fellow servant, the result would be a flood of litigation over claims that were never contemplated by the statute. The statute was never designed to permit the employer and his insurance

carrier to sue employees for damages for negligent injuries arising out of and in the course of the employment. In all such cases the injured defendant employee sometimes suffering either death or total and permanent injuries would, by force of the statute, be required to surrender all his compensation benefits to the insurance carrier, and in many cases a sizable amount in addition thereto by way of damages. This is certainly contrary to the spirit, if not the letter of the statute, in that the right of every employee to compensation is made to depend upon whether or not he is free from some proximate negligent act committed during his employment.

The precise question made on this appeal was decided adversely to appellant's contention by the Supreme Judicial Court of Massachusetts in *Bresnahan* v. *Barre*, 286 Mass. 593, 190 N. E. 815. See also *Murphy* v. *Miettinen*, 317 Mass. 633, 59 N. E. (2d) 252.

The judgment of the trial court is affirmed.