In re Estates of Robert Gene Deskins, Deceased, and Martha Deskins, Deceased.

381 S.W.2d 921.

(*Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed September 4, 1964.

Smoot, Wright & Cate, Kingsport, for appellant.

Sanders, Moore & Stout, Kingsport for appellee.

MR. JUSTICE FELTS delivered the opinion of the Court.

The question on this appeal is whether the estate of the husband is liable for funeral expenses of his wife where both died simultaneously in a common disaster and the estates of both are solvent.

It was stipulated that Robert Gene Deskins and his wife Martha Deskins were killed in an airplane crash in Colorado August 17, 1962; that there is no sufficient evidence that they died otherwise than simultaneously; that the estate of each is solvent; and there is no dispute as to the amount of the claim for the funeral of the wife.

Upon these facts, the County Judge held that the husband's estate was liable for his wife's funeral expenses, even though her estate was solvent. From that decree, the administratrix of the husband appealed to this Court. Since both parties consented (T.C.A. sec. 27-402) and all the facts were stipulated, the appeal was to this Court rather than to the Court of Appeals (T.C.A. sec. 16-408).

We think the decree below was right. In Simpson v. Drake, 150 Tenn. 84, 262 S.W. 41, we held that at common law it was the husband's duty to furnish the wife suitable support, including medical services during her life and to pay her funeral expenses after her death. It was there pointed out that under our statute (Shan. Code, sec. 6888a7, now T.C.A. sec. 39-201) it was made a misdemeanor for a husband wilfully and without good cause to neglect or fail to provide for her according to

his means. He owes her such duty of support without reference to her financial means. *Williams v. Williams,* 146 Tenn. 38, 45, 236 S.W. 938.

In *Simpson v. Drake,* supra, it was further held that this common law duty upon the husband to support the wife during her life and to pay her funeral expenses after death, was not affected by our statute (Shan.Code, sec. 4090, now T.C.A. sec. 30-735) fixing priorities in the distribution of a decedent's estate; nor by our statute (Acts 1919, ch. 126, T.C.A. sec. 36-601 et seq.) removing the common law disabilities of married women.

It was also held that while the estate of the wife was liable for her funeral expenses, the husband was primarily liable for such expenses; and this Court cited numerous cases to support that holding. It seems that this is a rule which is supported by the great weight of authorities in other jurisdictions. See cases collated in the Annotation, 82 A.L.R.2d 873, 877-884.

Counsel for appellant contend that *Simpson v. Drake,* supra, is erroneous and should be overruled, because it really rests upon the common law doctrine of the unity of husband and wife, that one being the husband; and that our statute removing the common law disability of married women destroyed that unity and thus took away the basis and support for this decision.

It appears this argument was fully considered in that case, and the Court said: "Neither do we find anything in the Married Woman's Act (chapter 126, Acts of 1919), which relieves the husband of his common-law liability of burial of the wife." As above stated, that decision is supported by the great weight of authority in other ju-

risdictions; we think it is sound in principle, and too firmly settled now to be disturbed.

Counsel also insist that the rule in *Simpson v. Drake,* supra, should not apply in a case like this where the husband and wife died at the same instant, or where there is no sufficient evidence that they died otherwise than simultaneously. They contend that under our Simultaneous Death Act (T.C.A. sec. 31-502 et seq.), there is no presumption in such a case that the husband survived the wife; and that his estate should not be held for her funeral expenses unless it can be shown or presumed that he survived her.

We cannot follow this argument. The Simultaneous Death Act deals with cases where the disposition of property depends upon priority of death of two or more persons who died in a common disaster and there is no sufficient evidence as to which survived or that they died otherwise than simultaneously. We find nothing in that Act which undertakes to amend or change the pre-existing law as to the liability of decedents' estates for debts.

It is a familiar rule that a statute is to be construed with reference to pre-existing law and that it does not change such law further than it expressly declares or necessarily implies. *Snyder v. McEwen,* 148 Tenn. 423, 439, 256 S.W. 434; *Linder v. Met. Life Ins. Co.,* 148 Tenn. 236, 243, 244, 255 S.W. 43; *Olsen v. Sharpe,* 191 Tenn. 503, 507, 235 S.W.2d 11; *Harbison v. Briggs Paint Co.,* 209 Tenn. 534, 546, 354 S.W.2d 464.

For these reasons, the assignment of error is overruled, the decree of the lower court affirmed, and the

case will be remanded for further proceedings not inconsistent with this opinion. The costs of the cause are adjudged against appellant and the sureties on her appeal bond.