IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
April 6, 2022 Session

## BEVERLY GARDNER v. SAINT THOMAS MIDTOWN HOSPITAL

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 17C2226          Joseph P. Binkley, Jr., Judge**

———————————————————

**No. M2019-02237-SC-R11-CV**

———————————————————

JEFFREY S. BIVINS, J., delivered the opinion of the Court with respect to part II(A), in which ROGER A. PAGE, C.J., and SHARON G. LEE, J., join, and an opinion dissenting in part, in which ROGER A. PAGE, C.J., joins.

      This appeal presents issues similar to those in Ultsch v. HTI Memorial Hospital Corp., No. M2020-00341-SC-R11-CV, ___ S.W.3d ___ (Tenn. 2023). In that case, I dissented from the result reached by a majority of the Court, which held that provisions of the statutory scheme commonly referred to as the Health Care Liability Act ("HCLA") abrogated the common law vicarious liability principle known as the operation-of-law exception. I reach the same conclusion here and respectfully dissent from the result reached by the majority in this case.

### I. FACTUAL AND LEGAL BACKGROUND

      On April 25, 2017, Beverly Gardner ("the Plaintiff") sent pre-suit notice of a potential health care liability claim to Saint Thomas Midtown Hospital ("the Defendant"). See Tenn. Code Ann. § 29-26-121(a)(1) (2012 & Supp. 2022). The Plaintiff allegedly suffered injuries as a result of a May 8, 2016 surgery. The Plaintiff did not send pre-suit notice to any of the Defendant's employees or agents. On September 5, 2017, the Plaintiff filed a health care liability action solely against the Defendant, alleging that the Defendant—acting through its employees and/or agents—was negligent in its care and treatment of her.[1] After the Defendant answered and the parties engaged in discovery, the Defendant filed a motion for summary judgment. As the basis for its motion, the Defendant contended that the Plaintiff's vicarious liability claim against it failed as a matter of law

———————————————————

[1] As the case proceeded, a question arose as to whether the individuals specifically alleged to have been negligent were actual employees and/or agents of the Defendant. Thereafter, the Plaintiff amended her complaint such that references to the Defendant's employees and/or agents were supplemented with the phrase "actual or apparent."

because any health care liability claims against the Defendant's alleged employees and/or agents were barred by the applicable statute of limitations before the Plaintiff filed suit.

The trial court found that the one-year statute of limitations applicable to health care liability claims against the Defendant's alleged employees and/or agents began to run on the date of the surgery and, thus, had expired by the time the Plaintiff filed suit. See Tenn. Code Ann. §§ 28-3-104(a)(1) (2017), 29-26-116(a)(1) (2012). As a result, the trial court determined that any health care liability claims against the alleged employees and/or agents were procedurally barred by operation of law, that is, by the expiration of the statute of limitations. Accordingly, the trial court concluded that the Plaintiff was precluded from pursuing a vicarious liability claim against the Defendant. See Abshure v. Methodist Healthcare-Memphis Hosps., 325 S.W.3d 98, 110 (Tenn. 2010). As a result, the trial court granted the Defendant's motion for summary judgment. The Court of Appeals reversed the trial court's judgment for the same reasons it did so in Ultsch. Gardner v. Saint Thomas Midtown Hosp., No. M2019-02237-COA-R3-CV, 2021 WL 1235226, at *1, 7 (Tenn. Ct. App. Apr. 1, 2021) (concluding that provisions of the HCLA conflicted with and prevailed over the common law operation-of-law exception), perm. app. granted, (Tenn. Sept. 24, 2021). The Defendant's appeal is now before this Court.

## II. ANALYSIS

Like Ultsch, this appeal involves an exception to the general common law rule that a plaintiff ordinarily may sue a principal based on its vicarious liability for the tortious conduct of its agents without suing the agent. The relevant principle in this case, known as the operation-of-law exception, provides that a plaintiff may not proceed solely against a principal based on vicarious liability for the conduct of an agent "when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal." Abshure, 325 S.W.3d at 106; see also Creech v. Addington, 281 S.W.3d 363, 366 (Tenn. 2009). As in Ultsch, a majority of the Court here concludes that the common law principle must yield to certain provisions of the HCLA. I respectfully disagree.

### A. Application of the Operation-of-Law Exception Precludes the Plaintiff's Vicarious Liability Claim

At the time the Plaintiff filed suit, the General Assembly had enacted a series of provisions—the HCLA—that apply to what are now known as health care liability actions. Through the HCLA, the General Assembly placed limitations on a potential plaintiff's claim in a health care liability action. The HCLA altered the common law with regard to what were formerly known as medical malpractice actions, establishing certain primarily procedural requirements specific to health care liability actions. In particular, pursuant to the HCLA, persons wishing to pursue a health care liability action must provide pre-suit

- 2 -

notice of their potential claim and wait a certain period before initiating suit, but they need provide notice only to "each health care provider that will be a named defendant." Tenn. Code Ann. § 29-26-121(a)(1). Upon compliance with the pre-suit notice requirement, "the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Id. § 29-26-121(c) (2012 & Supp. 2022). The statute of limitations in a health care liability action generally is one year from the date the cause of action accrued. Id. §§ 28-3-104(a)(1), 29-26-116(a)(1).

Because Tennessee is a common law state, see Hodge v. Craig, 382 S.W.3d 325, 337 (Tenn. 2012), certain principles pertinent to vicarious liability developed over the course of time before the enactment of the HCLA. Among them is a general rule that ordinarily "a plaintiff may sue a principal based on its vicarious liability for the tortious conduct of its agents without suing the agent." Abshure, 325 S.W.3d at 105. There are, however, exceptions to the general rule. At issue in this appeal is the one known as the operation-of-law exception, which provides that a plaintiff may not proceed solely against a principal based on its vicarious liability for the conduct of an agent "when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal." Id.; see also Creech, 281 S.W.3d at 366.

In this case, the Plaintiff sent pre-suit notice to the Defendant but not to the Defendant's alleged employees and/or agents. Thus, the Plaintiff did not trigger the extension of the one-year statute of limitations as to health care liability claims against those employees and/or agents. See Tenn. Code Ann. § 29-26-121(c). The Plaintiff later filed a health care liability action solely against the Defendant that alleged vicarious liability, but only after the expiration of the statute of limitations as to any health care liability claims against the Defendant's employees and/or agents. Thus, at the time the Plaintiff filed suit against the Defendant, any health care liability claims against the Defendant's employees and/or agents were procedurally barred by operation of law because the one-year statute of limitations had expired. See JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC, No. 3:19-CV-00469, 2020 WL 5877131, at *15 (M.D. Tenn. Oct. 2, 2020); Smith v. Holston Med. Grp., PC, No 2:12-CV-72, 2013 WL 11478937, at *3–4 (E.D. Tenn. June 20, 2013). Accordingly, the operation-of-law exception precluded the Plaintiff from asserting a health care liability claim against the Defendant based on vicarious liability, see Abshure, 325 S.W.3d at 106; Creech, 281 S.W.3d at 366, unless the exception conflicts with the HCLA.

The facts of this case differ somewhat from our precedents cited above. Creech involved a belated effort to amend a complaint when the plaintiff did not assert vicarious liability upon first filing suit. We rejected liability as to the principal on the plaintiff's amended complaint that added the vicarious liability claim after any claim as to the agents

- 3 -

was barred by operation of law, in that case by the doctrine of res judicata. Creech, 281 S.W.3d at 371, 376, 383. In Abshure, the plaintiffs filed a proper vicarious liability claim against the principal before their claims against the agent were barred by operation of law. Abshure, 325 S.W.3d at 112. Because the plaintiffs timely alleged vicarious liability before medical malpractice claims against the agent were barred by the statute of repose, we allowed the vicarious liability claim to proceed. Id. at 101–02, 102 n.3, 112. Unlike Creech, the Plaintiff here alleged vicarious liability in the initial complaint rather than attempting to add the claim after having initially omitted it. Unlike Abshure, the Plaintiff here did not file suit before health care liability claims against the Defendant's alleged employees and/or agents were barred by operation of law. Regardless, the key principle from our precedents is that the operation-of-law "limitation arises when the plaintiff attempts to assert a vicarious liability claim against the principal after its right to assert a claim against the agent has become procedurally barred." Id. at 110. The Plaintiff here did just that, asserting a vicarious liability claim against the principal after its right to assert a claim against the alleged agents was procedurally barred by the statute of limitations. Accordingly, the trial court correctly determined that the operation-of-law exception precluded the Plaintiff's vicarious liability claim against the Defendant, unless the exception conflicts with the provisions of the HCLA.

## B. The Operation-of-Law Exception Does Not Conflict with the HCLA

A majority of the Court concludes that application of the operation-of-law exception in this case would directly conflict with and essentially nullify provisions of the HCLA, and the common law principle therefore must yield to the statute. See, e.g., Graves v. Ill. Cent. R.R. Co., 148 S.W. 239, 242 (Tenn. 1912) (stating that "[w]hen there is a conflict between the common law and a statute, the provision of the statute must prevail"). As explained in more detail in my dissenting opinion in Ultsch, I respectfully disagree with the majority.

Because the HCLA, at least to some extent, is in derogation of the common law, this Court must construe it strictly and confine it to its express terms. See Shore v. Maple Lane Farms, LLC, 411 S.W.3d 405, 423 (Tenn. 2013); Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 679 (Tenn. 2002). Thus, this Court should not construe the HCLA to displace the common law any further than the legislation expressly declares or necessarily implies. See Shore, 411 S.W.3d at 423; Seals v. H & F, Inc., 301 S.W.3d 237, 257 (Tenn. 2010) (Koch, J., concurring in part and dissenting in part); In re Deskins' Estates, 381 S.W.2d 921, 922 (Tenn. 1964). There is no contention that the HCLA expressly abrogates the common law principle that it is improper to permit a plaintiff to proceed solely against a principal based on vicarious liability "when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal." Abshure, 325 S.W.3d at 105. Thus, if the HCLA is to displace

- 4 -

the operation-of-law exception, it must be by necessary implication.  Unlike the majority, I cannot conclude that it does so.

A necessary implication is not derived from mere consistency or compatibility with the legislation.  Rather, a necessary implication is "one that is so strong in its probability that the contrary thereof cannot reasonably be supposed."  Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 55:3 (7th ed. 2012).  In my view, that standard is not met here, because the common law principle and the statutory provisions can coexist, in that a plaintiff can comply with both.  Because the two can coexist, it is not unreasonable to conclude that the General Assembly, when enacting the HCLA provisions, did not intend to abrogate the operation-of-law exception.[2]  See Chelsea Hous. Auth. v. McLaughlin, 125 N.E.3d 711, 721 (Mass. 2019) (stating that a statute abrogates a common law principle by necessary implication when the principle "is so repugnant to and inconsistent with the statute that both cannot stand").  Accordingly, I do not believe that the Plaintiff has carried the burden of demonstrating abrogation by necessary implication.[3]  I would hold that the common law principle does not conflict with the HCLA, and, therefore, the legislation left the common law principle in place just as it was before its enactment.  See, e.g., Lavin v. Jordan, 16 S.W.3d 362, 368 (Tenn. 2000) (stating that when common law principles are not in conflict with a statute, the legislation "leaves the law as it was before its enactment").

### III. CONCLUSION

As in Ultsch, the Plaintiff here filed suit solely against the Defendant—alleging vicarious liability—after any health care liability claims against the Defendant's employees and/or agents were procedurally barred by the applicable statute of limitations.  Accordingly, I would hold that the trial court correctly granted the Defendant summary judgment based on application of the operation-of-law exception.  I cannot join the majority's conclusion that the enactment of the HCLA displaced the operation-of-law exception under the circumstances of this case.  Accordingly, I respectfully dissent from the result reached by a majority of this Court.

_____
JEFFREY S. BIVINS, JUSTICE

---

[2] The majority states that this Court has never adopted a "cannot coexist" standard.  However, the majority does not indicate that the language is inconsistent with the high bar required for abrogation by necessary implication.

[3] The party contending that legislation changed the common law bears the burden of showing that the legislature intended such a change.  Tome v. United States, 513 U.S. 150, 163 (1995).

- 5 -