13887.   ATLANTIC ICE & COAL CORPORATION *et al. v.* WISHARD.

STEPHENS, J.   1. The right of a beneficiary of a deceased employee to compensation under the Georgia workmen's compensation act and the right of such beneficiary to recover against another for a tortious homicide of the employee being secured to the beneficiary by independent statutes, and a payment by one not being a payment of the obligation of the other, and the latter having no equity which would authorize him to be subrogated to the rights of the beneficiary in any part of the fund collected, and these rights not being conflicting or necessarily inconsistent, they were, in the absence of any statutory provision to the contrary in the workmen's compensation act or elsewhere, prior to the amendment to this act approved August 16, 1922 (Ga. L. 1922, p. 185, § 2 d), both available to the beneficiary; and furthermore, the employer and the one responsible for the homicide not being joint tortfeasors, a settlement with the beneficiary of the latter's claim for damages for the homicide does not inure to the benefit of the employer, and in a suit by the beneficiary against the employer, to which the insurer of the employer is a party, can not be pleaded by either the employer or the insurer in bar of compensation. See, in this connection, City of Austin *v.* Johnson, (Tex. Civ. App.) 204 S. W. 1181; Ohio Traction Co. *v.* Washington, 6 Ohio App. 273.

2. One who is employed to drive an ice-wagon and deliver ice to various points in a city, off the premises of the employer, and who in the discharge of such duties must travel along a certain route which crosses

a railroad-track, is, when driving the wagon loaded with ice along such route for the purpose of making deliveries and crossing the railroad-track, acting within the course of his employment. It being necessary for such employee, while so acting within the course of his employment, to expose himself to injury from railroad-trains when in the act of passing over the railroad crossing, his death, when caused by a collision at such crossing between the wagon driven by him and a railroad-train while he in the discharge of his duty is attempting to drive across the railroad crossing, arises out of the employment. Granite Sand Co. *v.* Willoughby, 70 Ind. App. 112 (123 N. E. 194); Miller *v.* Taylor, 173 App. Div. 865 (159 N. Y. Supp. 999).

2. The employee having been accidentally killed, by an accident arising out of and in the course of the employment, and the accident having occurred prior to the amendment to the Georgia workmen's compensation act of 1922 (Ga. L. 1922, p. 185, § 2 d), the beneficiary was, under the above rulings, entitled to compensation, and the superior court did not err in sustaining the award of the Industrial Commission.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 21, 1923.

Appeal; from Sumter superior court — Judge Littlejohn. July 17, 1922.

*Sanders McDaniel, W. O. Wilson,* for plaintiffs in error.

*J. A. Hixon,* contra.