HELEN BRESNAHAN, administratrix, vs. GEORGE BARRE.

Hampden.    September 21, 1933. — June 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, Insurer's rights against negligent third person.

An action of tort cannot be maintained under G. L. (Ter. Ed.) c. 152, § 15, in the name of the administrator of the estate of an employee of one insured under the workmen's compensation act against a fellow employee of the intestate to recover for conscious suffering and the death of the intestate caused by negligence of the defendant while both he and the intestate were acting within the scope of their employment by their common employer, where it appeared that the intestate's dependent, who also was the administrator, had made claim under the workmen's compensation act respecting compensation for disability and death and had been awarded and had received compensation.

One purpose of the workmen's compensation act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and not to preserve for the benefit of the insurer, or of the insurer and those injured, liabilities between those engaged in the common employment which but for the act would exist at common law. Per RUGG, C.J.

TORT. Writ dated March 25, 1930.

In the Superior Court, the action was tried before *W. A. Burns*, J. Material evidence is stated in the opinion. A verdict for the defendant was ordered. The plaintiff alleged exceptions.

*D. B. Wallace*, for the plaintiff.

*J. F. Cavanaugh*, for the defendant.

RUGG, C.J.  This is an action of tort to recover damages for the death and conscious suffering of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The defendant and the intestate were fellow employees of a common employer, the William B. Whiting Coal Company, and the injuries were received on the premises of the latter. The intestate was a general

workman about the yard of the employer, taking care of the garage and barn among other duties. The defendant was the driver of a coal truck. On the day of the accident the defendant drove the truck of the employer into a stall in its garage, then went to his own automobile in another stall in the same garage and, as he was backing it out, struck and ran over the intestate causing severe injuries which resulted in his death. The employer was insured under the workmen's compensation act. At the trial the plaintiff filed a motion to the effect that " '. . . she has entered into an agreement with the Employers' Liability Assurance Corporation, Limited, of London, England, dated March 1, 1930, for the payment of compensation in accordance with the terms of the workmen's compensation act; that she is bound to account for any damages recovered to said insurance company; and that the defendant be directed to amend his answer by striking out the third paragraph thereof.' This motion was allowed by the trial judge . . . ." The answer of the defendant as thus amended, so far as now material, contained a general denial and set up contributory negligence of the intestate. The agreement between the insurer of the employer and the plaintiff as administratrix of the intestate and his sole dependent, specified in the plaintiff's motion, was in evidence. It was approved by the Industrial Accident Board and provided for payment of compensation for the death and conscious suffering of the intestate subject to the provisions of the workmen's compensation act. At the close of the evidence the defendant filed a motion for a directed verdict in his favor, on the ground that as matter of law neither the plaintiff nor the insurer has a right of action against the defendant because of the agreement between the plaintiff and the insurer of the employer of the intestate under the workmen's compensation act for payment of compensation for the injuries and death of the intestate, coupled with the facts that the defendant and the intestate were fellow employees of a common employer and that the injuries were received on the premises of the latter. This motion was granted subject to exception by the plaintiff.

The intestate and the defendant at the time of the injury were engaged in the performance of the duties of their employment on the premises of the employer. There was no evidence that the work of the defendant for the day had been completed. He was on the part of his master's premises where his employment carried him. He was leaving the garage where he had placed his employer's truck. There was uncontradicted testimony to the effect that for about eight years every night the defendant had put the truck into the garage of his employer and had then backed his own automobile out of another stall in the same garage. Manifestly the defendant was where he had a right to be in the course of his employment. This is so, even if it be assumed that after he had left the premises of his employer his work for the day would have been at an end. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Latter's Case,* 238 Mass. 326. *Haskins's Case,* 261 Mass. 436, 438. The case in this respect is distinguishable from *Savage's Case,* 257 Mass. 30.

The rights of the parties to the present action must be determined in the light of the provisions of the workmen's compensation act. The common employer was insured under that act and the plaintiff has received the benefits afforded by that act. The plaintiff brings this action under G. L. (Ter. Ed.) c. 152, § 15. Its relevant words are these: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee."

At common law and apart from the workmen's compensation act, the plaintiff might maintain an action to recover

compensation for injuries received through the negligence of the defendant, even though her intestate was a fellow servant with the defendant in the service of a common employer. *Osborne* v. *Morgan*, 130 Mass. 102. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540. The plaintiff, however, elected to collect compensation for the injuries and death of her intestate from the insurer under the workmen's compensation act. She therefore could not proceed in her own right against the defendant. She could not sue the employer because relief against it was afforded exclusively by the workmen's compensation act, *Young* v. *Duncan*, 218 Mass. 346, and of that relief she took advantage.

The precise question here presented for decision is whether one employee who, acting negligently in the course of his employment, injures a fellow employee of an insured common employer whereby such injured fellow employee receives compensation from the insurer under the workmen's compensation act, is "some person other than the insured" within the meaning of those words in G. L. (Ter. Ed.) c. 152, § 15, already quoted, so that the insurer may enforce his liability in accordance with that section.

The plaintiff's intestate was injured by the tort of the defendant committed while each was acting within the scope of his employment by the common employer. The employer was required by accepting the workmen's compensation act to protect the plaintiff's intestate from the consequences of such conduct by the defendant. It was then an incident to the employment of both the plaintiff's intestate and the defendant that there should be protection against such injury by the insurance of the employer under the workmen's compensation act. It was held in *White* v. *George A. Fuller Co.* 226 Mass. 1, that a general contractor, insured under the workmen's compensation act, was not subject to an action at law by the employee of an uninsured subcontractor injured through the negligence of an employee of the general contractor, and that the remedy of such injured person was solely under the act. In *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, the insurer of a subcontractor, who had paid compensation under the act to an employee of such

subcontractor injured through the negligence of the general contractor or his servants or agents, was denied the right to enforce the liability of the general contractor. The decision was put on the ground that it was the purpose of the workmen's compensation act to give all the workmen on a common job the benefit of that act and to put them on substantially the same footing as to compensation to be measured by earning capacity and the extent of injury. In *Catalano* v. *George F. Watts Corp.* 255 Mass. 605, it was held that the insurer of a general contractor, after having paid compensation under the act, could not enforce the liability of a subcontractor for the negligence of an employee of such subcontractor in injuring an employee of the general contractor. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133. *Turnquist* v. *Hannon*, 219 Mass. 560.

The principle of these decisions governs the case at bar. One purpose of the workmen's compensation act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law. That is the broad ground underlying the decisions already cited. It is equally applicable to the case at bar. An individual employee stands on the same footing with respect to such liability as a contractor or subcontractor.

The other questions argued need not be considered.

*Exceptions overruled.*