1. (a) Under the workmen's compensation act (Code, §§ 114-101 et seq.), "employer" applies to a receiver or trustee of an individual, firm, association, or corporation, engaged in any business for gain or profit, or to a legal representative of a deceased employer, where the injuries to the employee took place before their becoming such representative, and applies as well to injuries arising during the tenure of such representative status.
(b) Where such a business is so operated, and such representative employer commits a tort for which the deceased would have been liable if committed during his lifetime, and such employer had not elected to reject the terms, conditions, and provisions of the act as provided in § 114-201, and in other respects the injury is one to which the employee is entitled to compensation, such employer is subject, in his representative capacity, to the provisions of the workmen's compensation law (Code, §§ 114-101 et seq.), and subject exclusively to the original jurisdiction of the Industrial Board for the adjudication of such claims.
2. The allegations of the petition, construed most strongly against the pleader, show the relation of Minchew to be an employee of the administrators.
3. It is to be assumed that the judgment of the Industrial Board, under the record of this case, was based on the same state of facts as set out in the petition. Such a judgment, holding that Minchew was not an employee, was erroneous. Such a judgment could not confer jurisdiction on the superior court in contravention of the statutes of this State.
4. Under the workmen's compensation act the beneficiary of a deceased employee may maintain a common-law suit against a party other than an employer, where such third party and the employer are not joint tortfeasors.
 DECIDED MARCH 17, 1942.
Minchew instituted suit against Arthur Tillinghast Huston as *Page 857 
administrator, and Frances Louise McKim as administratrix, with will annexed, of T. L. Huston, deceased, and Wallace Kiff, for the tortious death of James Minchew, the plaintiff's son, fourteen years of age. The petition contained three counts. On demurrer count 2 was stricken by the plaintiff. Demurrers general and special were filed by the administrators and by Kiff to counts 1 and 3; and the petition was amended as to both counts. The demurrers were renewed and the judge sustained them, dismissing the action. The plaintiff assigned error on this judgment. The allegations of fact in each count are conceded by both parties to be substantially the same, except that in count 1 Minchew is designated an invitee, and in count 3 a licensee.
The material allegations of the petition are as follows: The deceased died on or about March 29, 1938. The administrators qualified. They continued to operate the business of the estate during the current year. For the purpose of delivering milk the estate owned and operated six or seven delivery trucks, one of which is involved in this action. The defendant Kiff was employed by the administrators as a truck driver in delivering milk in the City of Brunswick. All trucks carried young boys as helpers, whose duties were the same as those of Minchew. On July 16, 1938, Kiff was engaged in delivering milk in the City of Brunswick, in discharge of his duties. With reference to Minchew we quote the following parts of the petition:
"9. That your petitioner's son, James Minchew, was likewise, at the time of the accident and injury herein complained of, engaged in and about the business of delivering milk and other products from said truck for said administrators, having been employed by the said Wallace Kiff to assist him in his said duties in connection therewith.
"10. That among the duties required of your petitioner's son in connection with his employment as helper on said truck were that he should ride said truck with the defendant, Wallace Kiff, and, as a customer's house was reached, should dismount and make delivery of the milk or other products which they had for delivery there, collect the empties, and remount the truck again and ride to the next house where the same process would be repeated. When the route was finally covered, he would be carried by said Kiff to the plant of said administrators, located at the corner of George *Page 858 
and Bay Streets in the City of Brunswick, Georgia, and there would assist the said Kiff in unloading the empty bottles and crates, checking the same in to the representatives of the said administrators, who were charged with the duty of seeing that all bottles and crates were properly accounted for, and then would wash and clean the truck preparatory to going out on the run the following morning.
"11. That your petitioner's said son had been engaged in and about his duties as such helper on said truck for a period of five weeks prior to the accident and injury herein complained of, and had ridden said truck daily during said period, going with the said Kiff daily to the plant so operated by said administrator and administratrix and assisting him in unloading said truck, checking in said empties, and cleaning the truck preparatory to going out on the run the following morning.
"12. That said defendants, Arthur Tillinghast Huston as administrator, and Frances Louise McKim, as administratrix, knew, or by the exercise of ordinary diligence upon their part should have known, that your petitioner's said son was so employed as a helper on said truck, and that he was riding the same every day in the delivery of said products, and in this connection your petitioner shows that the plant from which said administrator and administratrix distributed their said dairy products consisted of a lot 90 by 180 feet in dimension, located at the corner of Bay and George Streets in the City of Brunswick, Georgia, upon which there is a two-story building which served as a milk depot, ice-cream factory, and business offices of Arthur Tillinghast Huston, administrator of said estate, his plant manager, Mr. Foster, and the other members of said administrator's office force; that your petitioner's son was in and around this plant daily during the time in which he was so employed as helper on said truck, and was likewise in and around said office and was in daily contact particularly with one John Ross, whose duty it was to check in for said administrator and administratrix the empty bottles and crates turned in by said drivers and their helpers and who daily checked with Wallace Kiff's truck as he and your petitioner's said son unloaded the same.
"13. That neither of said administrators interposed any objection to his said employment or to the use of said truck by him, but on the contrary acquiesced therein. *Page 859 
"16. That said Arthur Tillinghast Huston, administrator, and Frances Louise McKim, administratrix, arranged for the employment of said helpers, and in most instances paid their wages as such.
"17. That previous to the employment of your petitioner's said son the said Wallace Kiff had employed other helpers on his said truck with the full knowledge and consent of the said administrators and with their full approval, one of the said helpers being a boy by the name of Arville Shepard, another a boy by the name of Morris Beckham, and a third a boy by the name of Sonny Breeland. Your petitioner further shows that the said Wallace Kiff was himself likewise a driver's helper on this same truck and route for a period of approximately fifteen months prior to the date he was placed in charge of the same as driver.
"18. That a part of the compensation paid to each driver and helper on said trucks so engaged in the sale and distribution of said dairy products was a quart of sweet milk, which said administrators gave to each of said employees each day.
"19. That your petitioner's said son received from said administrators a quart of sweet milk daily, the same being delivered to him free of charge from said truck at the time of its unloading. . .
"Plaintiff further shows, that, prior to the filing of this action, claim was filed with the Industrial Board of Georgia, seeking compensation for said fatal injury, on behalf of petitioner, and a judgment rendered therein by said board, which held that under the peculiar circumstances of the case petitioner's son was not an employee of said defendants within the terms of said workmen's compensation act, and recovery could not be had thereunder; that said judgment of said Industrial Board of Georgia was not appealed from, and said issue is res adjudicata in so far as the applicability of said workmen's compensation act to this action is concerned."
The negligence alleged was as follows: (a) While Minchew was acting as helper to defendant Kiff, the truck being then driven by Kiff around a street corner was negligently, sharply and violently cut as it approached the intersection of the streets, which caused the truck to suddenly and violently lurch sufficiently to cause Minchew to fall through a doorway onto the pavement. (b) The truck was not in complete control. (c) The truck was being operated at the rate of speed which was not reasonable and safe under the *Page 860 
existing circumstances. In the fall Minchew received injuries which caused his death.
The demurrer to count 1 of the petition is as follows: "The allegations of said count set out no cause of action against these defendants. The allegations of said count do not authorize a recovery against these defendants in the sum sued for or in any sum. The allegations of said count show that these defendants are sued as administrators. Under the laws of Georgia they are not liable in their representative capacity for torts committed by them. There is a misjoinder of parties defendant. If plaintiff's decedent was an employee of these defendants, she has no right to maintain an action of negligence against them, but her rights would be fixed by the workmen's compensation laws. If plaintiff's decedent was not an employee of these defendants, he was an employee of an employee of these defendants, and as to them a mere volunteer, and they owed no duty to him except not to injure him wantonly and wilfully, and said count contains no allegations showing any wanton and wilful injury or negligence of these defendants."
The demurrer to count 3 is identical with that of count 1. There were numerous grounds of special demurrer to both counts. They were the same as to each count. They were mostly in aid of the general grounds. The petition was amended in several particulars, in response to these special demurrers.
Defendant Kiff filed general and special demurrers which were identical as to each count. His general demurrers alleged: "The allegations of said count set out no cause of action against this defendant. The allegations of said count do not authorize a recovery against this defendant in the sum sued for, or in any sum. There is a misjoinder of parties defendant." Kiff's grounds of special demurrer in the main attacked certain paragraphs of the petition as irrelevant, impertinent, immaterial, illustrative of no issue involved, and mere conclusions unauthorized by any alleged facts.
1. Two questions submitted to the Supreme Court by this court were answered as follows:
"1. Under the Code, §§ 114-101, 114-107 (as well as under the remaining provisions of the workmen's compensation law), the denomination of `employer' is applicable to a receiver or trustee of *Page 861 
an individual, firm, association, or corporation engaged in any business operated for gain or profit, or to legal representatives of a deceased employer, not only where the injuries to the employee took place before their becoming such representatives, but as well to injuries arising during the tenure of their status as such representatives.
"2. On a claim for damages for injuries by a claimant seeking recovery, an executor, administrator, administrator with will annexed (whether such legal representative also acts as trustee or not), or trustee, who operates during his official tenure a business employing more than ten employees for gain or profit to the estate represented by him, in the event of a tort by him or his agent injuring a coemployee, is subject in his representative capacity to the provisions of the workmen's compensation law (Code, §§ 114-101 et seq.), and subject exclusively to the original jurisdiction of the Industrial Board for the adjudication of such claim. The certified question is answered on the assumption (a) that the tort referred to is one for which the deceased would have been liable if committed during his lifetime; (b) and that the employer had not elected to reject the terms, conditions, and provisions of the act, as provided in § 114-201, and also that in other respects the injury is one to which the employe is entitled to compensation under such act." (193 Ga. 272,18 S.E.2d 487).
2. While we have set out in much detail the allegations of fact as shown by the pleadings, and have set out the general demurrers in full, as we view the case the controlling issue is to determine the relations of Minchew and his legal status as revealed by the allegations of the petition as amended. In deciding this issue, we will treat the grounds of the demurrer as a whole. We have no difficulty in arriving at the conclusion that Minchew was an employee, both under the general law and within the meaning of the workmen's compensation act. In Swift Co.
v. Alston, 48 Ga. App. 649 (173 S.E. 741), where the facts were to the effect that an employee, Oliver, hired Alston for the purpose of unloading coal, this court held that Alston was an employee. In Morris v. Lewis, 58 Ga. App. 677, an employee, Browning, hired an assistant Morris, for the purpose of going for an automobile for the master; and this court held that Morris was an employee and fellow servant of the master. In American MutualLiability Insurance Co. v. *Page 862 Harris, 61 Ga. App. 319 (6 S.E.2d 168), where an employee using the master's truck, who was hauling brick for a stipulated price hired an assistant and paid him, this court held that the assistant and helper, Harris, was an employee. The facts in the instant case tend more strongly to the effect that Minchew was an employee of the administrators, as a matter of law, than did the facts in any of the cases cited. It is immaterial that the plaintiff, in counts 1 and 2, concluded from the facts alleged that Minchew was an invitee and licensee respectively. It is elementary that the alleged facts denominate the relations and legal status, rather than the name designated by the pleader. On reading the decisions above cited it will be noted that one of the underlying principles that governs the proposition is that an assistant or helper procured by one employee with the knowledge, expressed or implied, of the master, or the assent of the master to the employment of the assistant or helper, is an employee of the master. The plaintiff spares no words or pains to make it clear that the administrators knew, or should have known, that employee Kiff hired Minchew to assist or help. Indeed the allegations go to the extent of alleging a general course of conduct where authority to employ Minchew by Kiff was implied from the nature of the work involved. 18 R. C. L. 577, § 83, reads as follows: "The rule is well settled that a person who is procured by an employee to act as substitute or to assist him in his duties, the employer assenting to the arrangement, occupies the position of an employee, and that the duty owed him by the employer is the same as that owed to other employees; and it does not make any difference that the substitute or assistant is promised no compensation for his services. Authority to employ substitutes or assistants may be implied from the nature of the work to be performed, and also from a general course of conducting the business of the employer by the employee for so long a time that consent thereto may be inferred." This is the general rule, and has been followed by this court. See Payne v.Rivers, 28 Ga. App. 28 (110 S.E. 45); Spivey v. Vinson,48 Ga. App. 335 (172 S.E. 58).
We are not unmindful of the fact that in Howard v. GeorgiaPower Co., 49 Ga. App. 420 (6) (176 S.E. 69), this court held: "The workmen's compensation act makes no provision for relief to a mere substitute for an employee receiving compensation from the employee and not from the employer; and there is no merit in the *Page 863 
contention of the defendant that the trial court was without jurisdiction of the suit, because the sole remedy was an application for relief to the Department of Industrial Relations; the claim of the plaintiff being based on the theory, not that the deceased was an employee, but that he was a temporary substitute working for an employee with the knowledge and consent of the employer." That holding there made is not in conflict with the holding here. In the case at bar Minchew is not claimed to be a temporary substitute, but on the contrary the allegations show him to be a permanent employee. See Maloney v. Kirby, 48 Ga. App. 252
(172 S.E. 683). The Code, § 114-101, declares: "Unless the context otherwise provides: `Employer' shall include any municipal corporation within the State, and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except as hereinafter provided, and the receiver or trustee of the same, and the legal representative of a deceased employer, using the service of another for pay. If the employer is insured this term shall include his insurer as far as applicable. `Employee' shall include every person in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer and, except as hereinafter provided, minors are included even though working in violation of any child labor law or other similar statute. . . Any reference to an employee who has been injured shall, when the employee is dead, include also his legal representatives, dependents, and other persons to whom compensation may be payable, pursuant to the provisions of this law." To our minds it is inescapable that Minchew was an employee.
3. But it is contended that the plaintiff made application to the Industrial Board for compensation for the injury, as set out in the petition, and that the Industrial Board adjudged, that, "under the peculiar circumstances of the case, petitioner's said son was not an employee of said defendant within the terms of said workmen's compensation act." There was no appeal from the decision of the Industrial Board. The issue as to the legal status of Minchew is res judicata. This contention is based on the provisions of the Code. § 114-710, as follows: "Any award of the Department of Industrial Relations . . shall . . be a final award and shall be conclusive *Page 864 
and binding as to all questions of fact." It does not appear from the record what evidence was introduced at the hearing before the Industrial Board, or whether by one party or both, or whether the judgment was a technical dismissal or nonsuit, or a judgment on the full facts from one or both parties before the board. Therefore, construing the petition in this regard most strongly against the pleader, it is to be assumed that evidence sustaining all the allegations of fact in the petition before us was introduced before the Industrial Board. If so, the finding by the board was erroneous as a matter of law, and the remedy of the plaintiff was to appeal from the ruling of the board and have it corrected as provided by the act. She can not, by failure to appeal from such decision, bring her suit in another forum and rely on such erroneous decision and confer jurisdiction in the superior court in contravention of the statutes which conferexclusive jurisdiction in the Industrial Board. So to hold would nullify the statute.
What we have said controls all the issues. It is not intended by what is said above to cast any criticism on the able members of the Industrial Board. From the wording of their order it may easily be assumed that they construed the statute to mean that representatives of a deceased person, occupying the position of administrators in the instant case during their tenure, were not employers under the workmen's compensation act, and not that Minchew was not an employee generally of the employer representative. This court was in doubt as to what construction would be put on the act as it related to Minchew, and therefore certified the question to the Supreme Court, and under the ruling of that court, as a matter of law, the finding of the Industrial Board is construed to be erroneous. The court therefore did not err in sustaining the demurrers as to the administrators.
4. What we have said above is not with reference to the cause of action against Kiff individually. It does not appear from the record that the administrators and Kiff were joint tort-feasors. It follows that the court erred in sustaining the demurrers as to the cause of action against Kiff. Atlantic Ice CoalCorporation v. Wishard, 30 Ga. App. 730 (119 S.E. 429);Athens Railway Electric Co. v. Kinney, 160 Ga. 1
(127 S.E. 290).
Judgment affirmed on demurrers against the administrators,and reversed on the demurrers as to Kiff. Broyles, C. J., andMacIntyre, J., concur. *Page 865