ALBERT H. WECHSLER & others, executors, vs. JOSEPH
LINER.

Norfolk.    October 31, 1951. — November 29, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Common employment. *Executor and Administrator*, Claim for death. *Actionable Tort.*

An action at law by an executor for the death of his testator could not
be maintained where it appeared that the defendant and the testator
were both employees of the same employer, a subscriber under the
workmen's compensation act, that the testator was killed through
negligence of the defendant in the operation of his automobile while
they were riding in it on the business of their employer and within
the scope of their employment, and that the testator had not reserved
his common law rights against the employer.

TORT for the death of the plaintiffs' testator. Writ in
the Superior Court dated October 24, 1949.

The case was reported by *O'Connell*, J.

In this court the case was submitted on briefs.

*S. H. Rogers & R. A. Kaye*, for the plaintiffs.

*M. J. Aldrich*, for the defendant.

LUMMUS, J. This is an action of tort, reported to this
court without decision upon a case stated in substance as
follows. The Independent Chair Company was a corpora-
tion and an insured subscriber under the workmen's com-
pensation act. Harry M. Brenner, the plaintiffs' testator,
and the defendant Liner, were employees of said company.
On March 18, 1949, both were riding in the defendant's
automobile, operated by the defendant, on the business of
said company and in the course of their employment. Bren-
ner was in the exercise of due care and was killed by the
negligence of the defendant Liner. Brenner had not re-
served his common law rights against the company.

Brenner left a widow and two children. By St. 1947,
c. 506, § 1A, revising G. L. (Ter. Ed.) c. 229, § 2, a person

who negligently "causes the death of a person in the exercise of due care who is not in his or its employment or service . . . shall be liable in damages, in an amount not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the pecuniary loss sustained by the parties entitled to benefit hereunder and recovered by the executor or administrator of the deceased person in an action of tort . . . and distributed one half to the surviving wife or husband and one half to the children of the deceased dependent upon him for support . . .." The case stated declares that the children were not dependents under G. L. (Ter. Ed.) c. 152, § 1, but were dependents under the death act, St. 1947, c. 506, § 1A.

The widow has claimed and received the benefits due her as a dependent under the workmen's compensation act, but the children have received nothing under that act.

The defendant, as an employee of the insured company, was not "some person other than the insured," within G. L. (Ter. Ed.) c. 152, § 15, as it appears in St. 1943, c. 432. *Caira* v. *Caira*, 296 Mass. 448, 450. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569. The law was summed up in *Murphy* v. *Miettinen*, 317 Mass. 633, 635, in these words: "If at the time the injuries were received the parties were engaged in the course of their common employment, the plaintiff cannot maintain this action [of tort] but must rely upon his remedies under the workmen's compensation act," citing the cases from which that proposition is derived, beginning with *Bresnahan* v. *Barre*, 286 Mass. 593. On its facts *Murphy* v. *Miettinen* is precisely like the present case, except for the immaterial circumstance that in that case the plaintiff was injured and not killed.

The plaintiff relies upon *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631. But in that case the original papers show that the defendant was neither the employer nor a fellow employee of the plaintiff's intestate. The decision in that case has no bearing upon the case before us.

It follows from what has been said that in the present case the entry must be      *Judgment for the defendant.*