Honore MARTIN, Appellant,

v.

Anthony R. THEOCKARY, Appellee.

No. 14999.

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

H. Reid DeJarnette, Dixon, DeJarnette & Bradford, and Douglas M. Carlton, Miami, Fla., for appellant.

Melvin W. Nelson, Miami, Fla., Philip Gensler, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The sole question on this appeal is whether under Florida law, an employee who is injured through the negligence of a co-employee, such injury being compensable under the workmen's compensation law, may recover damages from the co-employee. The applicable statute, Fla.Stat.1951, § 440.39, F.S.A., provides in part as follows:

"Compensation for injuries where third persons are liable.—(1) If an employee, subject to the provisions

of the Florida Workmen's Compensation Law, is injured or killed in the course of his employment by the negligence or wrongful act of a third party tort-feasor, such injured employee, or in the case of his death his dependents, may accept compensation benefits under the provisions of this law, and at the same time such injured employee, his dependents or personal representatives may pursue his remedy by action at law or otherwise against such third party tort-feasor. * * *"

The question then is simply whether a co-employee is a third person within the meaning of this statute. The district court held that the defendant Martin, a co-employee of Theockary, was such a third person, and that he was not immune from suit under the statute.

 At the time of argument of the case before us there was no Florida case on the precise point. This was conceded by both parties, both in oral argument and in their briefs. We therefore undertook to "assume the duty the Supreme Court of Florida would have if the case were before it, to state the proper interpretation of the amended statute." Holliday v. Wade, 5 Cir., 117 F.2d 154, 156.

However, before our opinion was printed, we find that, subsequent to argument, the Florida Supreme Court has now decided in Frantz v. McBee Company, 77 So.2d 796 precisely as the district court did in this case. Since we, of course, are bound to follow the state law in construing such a Florida statute, it is unnecessary for us to add our reasoning to the excellent treatment of the question by the Florida Supreme Court. We may remark, however, that we had reached the same result before the Frantz case was published and called to our attention; and since it may be useful in the event this question should arise in other jurisdictions, we think it appropriate to cite the additional authorities which our research revealed.

The comprehensive and excellent textual treatment of the point in Larson's Workmen's Compensation Law, §§ 72.-00–72.50 vigorously supports the result reached by the Florida Court, and criticizes the contrary holding in Bresnahan v. Barre, 286 Mass. 593, 190 N.E. 815. In addition to the numerous cases cited in the Frantz case, there are cases from two other jurisdictions supporting its holding. Echols v. Chattooga Mercantile Co., 74 Ga.App. 18, 38 S.E.2d 675; Behr v. Soth, 170 Minn. 278, 212 N.W. 461. Only one other jurisdiction with a statute similar to Florida's has adopted the contrary Massachusetts view. Majors v. Moneymaker, Tenn., 270 S.W.2d 328. We think the language in Hartquist v. Tamiami Trail Tours, Inc., Fla., 190 So. 533, 537, that construction of the Workmen's Compensation Act in derogation of the common-law rights of an employee is to be avoided whenever possible is further support for the Frantz holding.

The judgment is therefore

Affirmed.