George G. ALLMAN, Appellant,

v.

W. H. HANLEY et al., Appellees.

No. 18490.

United States Court of Appeals
Fifth Circuit.

April 19, 1962.

Willis C. Darby, Jr., Mobile, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Thomas E. Twitty, Jr., D. R. Coley, Jr., Sherman L. Cohn, Atty., Dept. of Justice, Mobile, Ala., for appellees.

Before RIVES and WISDOM, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

From a record made up largely of pleadings, questions are here presented for review involving removal, service of process and summary judgment.

Appellant Allman, a civilian employee of the United States, filed suit originally in the courts of the State of Alabama seeking damages for injuries sustained by him as the result of surgery allegedly performed in a negligent manner by the appellee physicians at Brookley Air Force Base. Doctors Hanley and Wilkinson were both medical officers in the United States Air Force, and Taylor was a civilian doctor employed by the Air Force.

Personal service was made on Hanley and Taylor. Wilkinson was not served at this time.

In December 1958 the United States Attorney, representing Hanley and Taylor, filed petition for removal to the United States District Court on the ground that the defendants were acting solely under color of office and in the performance of their duties as officers and employees of the United States in accordance with Title 28, United States Code, Section 1442(a).

Wilkinson, unserved, did not join in this petition for removal.

In January 1959 plaintiff filed a motion to remand the cause to the Alabama court on the grounds that Hanley and Taylor were not acting under color of office, that they were not engaged in the performance of duty, and that the action did not involve a controversy within the original

jurisdiction of the United States District Court. Plaintiff also sought to remand on the ground that all defendants had not joined in the petition for removal. The District Court denied this motion to remand on April 27, 1959.

On March 18, 1959, while the case was in the District Court on this first motion to remand, appellant proceeded to serve Wilkinson by mail with process issuing from the state court pursuant to the Code of Alabama, Title 7, Section 199(1), for serving non-residents doing business in Alabama.

Apparently on the assumption that Wilkinson had been left behind and, perhaps, therefore, something was still viable about the case in the state court, on April 13, 1959, the United States Attorney filed a second petition for removal of the plaintiff's state court action. This second petition sought removal on the same grounds as the first and on the further ground of diversity of citizenship between Wilkinson and plaintiff. This brought on a second motion to remand by plaintiff although his first had already been denied. For new grounds plaintiff urged that Hanley and Taylor did not "timely join in the petition for removal."

The District Court denied this second motion to remand.

Wilkinson filed a motion to quash service, which was granted. He alleged, among other things, that the Alabama non-resident statute was not applicable in the case of an officer in the armed services of the United States wherein the negligence of which he is charged related to acts done solely under color of office and in the performance of duty.

After both motions to remand had been denied, plaintiff on June 30, 1959 filed an amended complaint against the three defendants in the United States District Court. Hanley and Taylor filed their answer, and on September 15, 1959 they filed motion for summary judgment. On November 13, 1959 the court granted summary judgment in favor of defendants Hanley and Taylor. This, together with the granting of Wilkinson's motion to quash service constituted a final order concluding the entire case. Final judgment was entered against plaintiff.

■ ■ First the appellant urges that the action was not removable to the Federal District Court under Title 28, United States Code, Section 1442. He does not deny that acts done by a defendant as a Federal officer under color of his office are removable, but he contends that the petitions for removal failed to state a single fact to show what duties appellees were performing at the time the negligent acts occurred. The rationale of his attack is that the doctors may well have had the official duty to perform operations, but they were not authorized to perform operations negligently.

While there are no cases cited to us or coming to our attention involving the duties of Government physicians in this context, an examination of the broad field of official responsibility for negligent acts convinces us that appellant's contention in this regard is without merit. Acts done by an officer in the performance of the duty of his office do not lose their official character merely because they were done in a negligent manner. An officer is acting under color of office so long as he does not depart from the course of his duty so that it becomes his personal act.

In Maryland Casualty Co. v. Alford, 111 F.2d 388 (10th Cir.1940), certiorari denied 311 U.S. 668, 61 S.Ct. 27, 85 L.Ed. 429, the Court said: "In transporting the property of the Bureau back to the Oklahoma City office, McConnell was acting officially and when, while so engaged, he drove his automobile negligently, he was acting under color of his office. True, in driving negligently he acted improperly. But if the fact that acts done under color of office were improper would excuse liability on the officer's official bond, it would never arise."

See also Jones v. Buckelew, 247 Ala. 475, 25 So.2d 23 (1946); League v. National Surety Corp., 198 S.C. 289, 17 S.E. 2d 783 (1941); De Busk v. Harvin, 212 F.2d 143 (5th Cir.1954).

The absence of detailed grounds setting forth basis for removal is not fatal to defendants' right to remove. We think that the allegation that petitioners were officers acting under color of office in the employment of the United States was sufficient. Title 28, United States Code, Section 1446(a) requires only a short, plain statement of facts entitling a defendant to removal. We affirm the District Court's denial of appellant's motion to remand.

■■ Next, appellant contends that the District Court erred in granting Dr. Wilkinson's motion to quash service of process. Upon the filing of a proper petition for removal and upon compliance with the applicable statutes, the state court loses jurisdiction and all further process must issue from the Federal court. 28 U.S.C. §§ 1446(e) and 1447 (a); Federal Rules of Civil Procedure, Rule 81(c), 28 U.S.C. The entire case against all defendants here was taken from the jurisdiction of the state court by the removal of Doctors Hanley and Taylor. It has been held that removal by a single Federal officer ends the power of the state court to issue process because the entire case is then removed as to all parties whether joined in the petition or not. Bradford v. Harding, 284 F.2d 307 (2d Cir.1960). See also Jones v. Elliott, 94 F.Supp. 567 (E.D.Va.1950); Brown v. Weschler, 135 F.Supp. 622 (D.C.1955); Lowe v. Jacobs, 243 F.2d 432 (5th Cir. 1957), certiorari denied 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514 (1880).

Not only had the case been removed from the state court on December 19, 1958, but plaintiff's first motion to remand had been denied prior to the time the state court purported to issue its process in 1959. This attempted service was a nullity. It is not necessary here to decide whether the Alabama statute, Title 7, Section 199(1), was applicable to a United States Air Force officer at his duty station in Alabama in view of the fact that the asserted state process was *void ab initio*.

We therefore, affirm the action of the District Court in quashing the purported service upon Wilkinson.

■ Finally, appellant attacks the summary judgment granted by the District Court in favor of the remaining defendants, Doctors Hanley and Taylor. While the record does not state overtly the grounds upon which this ruling was based, it is apparent that the District Court construed the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., as constituting an exclusive remedy against fellow employees.

Section 757(b) reads as follows:

"(b) The liability of the United States or any of its instrumentalities under sections 751–756, 757–791, and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute: * * *."

In any examination of statutory provisions for remedies certain basic inquiries should be kept in mind. Against whom is the remedy exclusive? The employer? A third party? A fellow employee?

Many of the cases which discuss statutory remedies are concerned solely with the question of whether or not the particular statute provides the sole remedy for the employee to sue his employer. This is obviously applicable to all of the various workmen's compensation acts, and it is clear that the Federal Employees' Compensation Act under examination here by explicit language lim-

its an employee's remedy against the Government, as employer, to the confines of the statute. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952). Many other cases are concerned with rights of an employee to sue third parties having no relationship to the employer, whether governmental or private, under the provisions of the particular statute.

We are here concerned solely with the question of whether or not a Government employee may sue a fellow employee for alleged negligence in the light of the language of the statute quoted above.

Although there are apparently no cases involving this act on this precise point, cases construing state compensation statutes support the proposition that in the absence of a specific statutory command the statutes are not construed to abrogate the common law rights of an employee to maintain a negligence action against a fellow employee. Martin v. Theockary, 220 F.2d 900 (5th Cir.1955).

We hold that since the Act itself recognizes the right of an employee to recover from "some person other than the United States"[1] and a negligent co-employee is such a person in the absence of a specific provision to the contrary, it therefore follows that the Federal Employees' Compensation Act does not abrogate the common law right of an employee to sue a negligent fellow employee.

This court in Martin v. Theockary, supra, was called upon to determine whether a co-employee was immune from suit under the Florida Workmen's Compensation Act. The Florida statute, as the act here, was silent on the point. We held that the employee's common

law right of action against a fellow employee was not abrogated by the Florida statute.

Referring to the Florida case of Frantz v. McBee Co., Fla., 77 So.2d 796 (1955), it was said:

"The comprehensive and excellent textual treatment of the point in Larson's Workmen's Compensation Law, §§ 72.00–72.50 vigorously supports the result reached by the Florida Court, and criticizes the contrary holding in Bresnahan v. Barre, 286 Mass. 593, 190 N.E. 815 [1934]. In addition to the numerous cases cited in the Frantz case, there are cases from two other jurisdictions supporting its holding. (Citing cases) Only one other jurisdiction with a statute similar to Florida's has adopted the contrary Massachusetts view. Majors v. Moneymaker, [196] Tenn. [698,] 270 S.W.2d 328. We think the language in Hartquist v. Tamiami Trail Tours, Inc., [139] Fla. [328], 190 So. 533, 537, that construction of the Workmen's Compensation Act in derogation of the common-law rights of an employee is to be avoided whenever possible is further support for the Frantz holding."

In Frantz v. McBee, supra, the Florida Supreme Court, while recognizing the diversity of opinion among courts of separate jurisdictions, pointed out that at common law servants mutually owed to each other the duty of exercising ordinary care in the performance of services and that they were liable for failures in that respect resulting in injury to a fellow employee. Most courts which have held the common law rule abrogated by workmen's compensation acts have done

---

1. "[5 U.S.C.] § 776. Subrogation of United States to employee's right of action; * * *

"If an injury or death for which compensation is payable under sections 751–756, 757–781, 783–791 and 793 of this title is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the Secretary may re-

quire the beneficiary to assign to the United States any right of action which he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the Secretary may require said beneficiary to prosecute said action in his own name."

so on the basis of the wording of the particular statute in question.

The North Carolina Code, G.S.Section 97–9, and Virginia Code, 1950, Section 65–99, Workmen's Compensation Acts, provide that the employer, or *those conducting his business* shall only be liable to an employee for personal injury or death in the manner specified in the Act. It is therefore held in these states that an agent of a corporation acting within the scope of his authority on behalf of the corporation and such acts would render the corporation liable, is entitled to immunity given by the act to the employer. Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6; Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73 (1946). The New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, Section 29, Subds. 1, 6, provides that the remedy under the act is exclusive *"when such employee is injured or killed by the negligence or wrong of another in the same employ."* (Emphasis supplied.)

Eight other states have somewhat similar provisions.[2]

In the absence of such specific provision in the act, only Massachusetts has barred a co-employee from recovering against a negligent fellow employee. Wechsler v. Liner, 328 Mass. 152, 102 N.E.2d 92 (1951); Bresnahan v. Barre, supra.

Seligman v. Gerlach, Sup., 215 N.Y.S. 2d 634 (1961), recognizes a basic distinction between the New York Workmen's Compensation statute, which expressly bars suits against fellow employees, and the Federal Employees' Compensation Act which is silent on the point, and supports our conclusion here.

The appellees urge, finally, that although the Federal Employees' Compensation Act is completely devoid of explicit provision concerning limitation of remedies, we should somehow fill this vacuum with the language of other separate and distinct Congressional enactments. In this connection appellees urge that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., has been so construed as to bar an action such as this. Whether this be a valid interpretation of the law relative to remedies under that particular enactment we do not say, for in examination of the subject act we simply cannot read into an area of legislative silence a bar to action against third parties. If Congress in its wisdom had so provided in the Federal Employees' Compensation Act the result here unquestionably would be different.

It would have been a simple matter for the Congress to have placed the restrictive language in the statute here under examination if it had so intended.

In the face of all this, we cannot agree with the appellees that the significance of only one word of the subject act, i. e., "instrumentality", should be expanded to mean a number of things certainly not evident from an examination of the statute as a whole. In this context see Herd & Co. v. Krawill Machinery Corp. et al., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed. 2d 820 (1959) citing Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 (1943):

> " 'We can only conclude that if Congress had intended to make such an inroad on the rights of claimants * * * it would have said so in unambiguous terms.' and 'in the absence of a clear Congressional policy to that end, we cannot go so far.' "

For these reasons the order granting summary judgment is REVERSED and the cause REMANDED for further proceedings not inconsistent herewith.

Sustained in part and reversed in part.

---

2. Alabama, Arizona, Colorado, Montana, Oklahoma, Oregon, Utah and Washington. See Feitig v. Chalkley, supra.