Alvin Ernest SCOTT

v.

**CRESCENT TOOL COMPANY, DIVISION OF CRESCENT NIAGARA CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**John Archie WALKER, Third-Party Defendant and Fourth-Party Plaintiff,**

v.

**FRUEHAUF CORPORATION, Fourth-Party Defendant.**

**Civ. A. No. 11974.**

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 20, 1969.

## Order on Motion to Dismiss Third-Party Complaint

EDENFIELD, District Judge.

The court is presented with a motion by the third-party defendant, John Archie Walker, to dismiss the third-party complaint against him filed by Crescent Tool Company, the defendant and third-party plaintiff.

Plaintiff, an employee of Fruehauf Trailers, used Crescent's metal punch on or about October 17, 1967, to remove a pin from a trailer brake shoe. Plaintiff contends that the punch was new and that he was using it for the purpose for which it was made. Walker, a Fruehauf employee and plaintiff's job supervisor, had given plaintiff the metal punch from the Fruehauf parts room. Plaintiff gave the large end of the punch several blows with a hammer, when the small end of the punch shattered and a piece allegedly hit plaintiff's left eye, lacerating his cornea and permanently impairing his vision. Plaintiff contends that defendant's negligent design and manufacture of the punch was the proximate cause of his injury. Crescent, as third-party plaintiff, then sued plaintiff's immediate supervisor, Walker, who, in turn, filed a fourth-party plaintiff complaint against Fruehauf, his and Scott's employer. Plaintiff has received benefits under the Georgia Workmen's Compensation law from his employer, Fruehauf. In this action, the court's sole concern is the third-party defendant's motion to dismiss the complaint filed against him.

Defendant, Crescent, denies any negligence but states that if it negligently injured plaintiff, "the negligence of third-party defendant John Archie Walker, was a contributing cause of any such injuries." Thus, the defendant contends that it is entitled to recover against Walker for "all or a part of any sums" which it may have to pay to plaintiff.

The third-party defendant raises several defenses. First, Walker urges that the complaint is barred because he and the plaintiff are fellow-servants within the meaning of the Georgia Workmen's Compensation Act. Second, Walker contends that if he committed a tortious act, it was done solely as agent for Fruehauf. Last, Walker argues that any tortious act he committed was done within the scope of his employment, thus barring suit against him as a joint tortfeasor, along with his employer.

This case presents a scenario different from that ordinarily encountered in damage actions arising from injuries covered by workmen's compensation. Usually, in joint tortfeasor cases, courts are presented with negligence suits by plaintiff, an employee of X Corporation, against defendant, Y, also from X Corporation, after the plaintiff has recovered workmen's compensation from the Corporation. Here, however, although plaintiff and Walker are co-employees, Crescent Tool, rather than Scott, the plaintiff, has brought the action. Nevertheless, the principles which must guide the court are similar to those in the standard case. Thus, here, Walker may be ultimately liable if the plaintiff succeeds against Crescent, and may be a joint tortfeasor with his employer, Fruehauf. Therefore, the crucial issue is whether the plaintiff could have initially sued his co-worker and fellow-servant, Walker, despite plaintiff's recovery of workmen's compensation from their common employer.

■ The Georgia Workmen's Compensation statute at issue is Georgia Code § 114–103, which provides that:

"OTHER REMEDIES EXCLUDED BY THIS LAW.—The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or other-

wise, on account of such injury, loss of service or death."

Despite the absolute language of this provision, it has long been recognized in Georgia that a plaintiff who receives workmen's compensation from his employer is merely barred by § 114–103 from suing his *employer* at common law, not from suing a negligent third party. See, e. g., Hotel Equipment Co. v. Liddell, 32 Ga.App. 590, 124 S.E. 92 (1924); Rome Railway & Light Co. v. Jones, 33 Ga.App. 617, 127 S.E. 786 (1925). A negligent third party could not escape liability by seeking to hide behind § 114–103. As the Supreme Court of Georgia put it:

"There is no reason for holding that if another corporation or person other than the employer is guilty of negligence which results in injury or death, such corporation or person should have the benefit of the act which establishes the rate of compensation for injury to an employee as against an employer, where the employer and employee have accepted the provisions of the workmen's compensation act." Athens Railway & Electric Co. v. Kinney, 160 Ga. 1, 6, 127 S.E. 290, 292 (1924).

■ In the absence of a statutory command more specific than § 114–103, the Georgia courts wisely decided that the Workmen's Compensation Act should not be construed to abrogate the common law right of the employee to maintain a negligence action against a defendant. In so doing, the Georgia courts were employing the principle followed by the Fifth Circuit in workmen's compensation cases. See, e. g., Martin v. Theockary, 220 F.2d 900 (5th Cir., 1955); Allman v. Hanley, 302 F.2d 559 (5th Cir., 1962), as well as following the well-accepted rule that statutes in derogation of common law should be strictly construed. See cases cited in *Hotel Equipment Co.,* supra, 32 Ga.App. at 594, 124 S.E. 92. Nor were the Georgia courts beguiled by the argument that a double recovery would ensue if an employee-plaintiff could collect both workmen's compensa-

tion and common law tort liability. They recognized that this situation was no different than getting workmen's compensation and recovering under an accident policy or "collecting on an insurance policy and then recovering damages from the person inflicting the injuries, both of which are permitted universally." Echols v. Chattooga Mercantile Co., 74 Ga.App. 18, 24, 38 S.E.2d 675, 679 (1946). See, also, Georgia Code § 114–403.

However, the notion slipped into several Georgia decisions, by way of dictum, that while an employee could proceed against a negligent third party after receiving a workmen's compensation award, no suit would lie if the third party were a joint tortfeasor with the employer. Atlantic Ice & Coal Corp. v. Wishard, 30 Ga.App. 730, 119 S.E. 429 (1923), first introduced this concept in a pithy decision which allowed suit by the beneficiary of a deceased employee against a defendant on the ground, in part, that since the employer and defendant were not joint tortfeasors, "a settlement with the beneficiary of the latter's claim for damages for the homicide does not inure to the benefit of the employer." 30 Ga.App. at 730, 119 S.E. at 429. This principle was repeated all too frequently. See, e. g., Athens Ry. & Elec. Co. v. Kinney, supra; Minchew v. Huston, 66 Ga.App. 856, 19 S.E.2d 422 (1942); Sheffield Company v. Phillips, 69 Ga.App. 41, 24 S.E.2d 834 (1943). Yet, in none of these cases was the principle necessary to a judgment, since employees were permitted to sue under the accepted doctrine that a negligent third party could be sued by the employee-plaintiff despite an award under workmen's compensation.

The joint tortfeasor prohibition is no longer the law in the State of Georgia— if it ever had been before. In Echols v. Chattooga Mercantile Co., supra, plaintiff, an employee of Chattooga Mercantile Company, sued Berry, manager of Chattooga Mercantile Company, for a wilful assault growing out of a dispute over conduct of the company's business. Recognizing defendant's action to be an

accident within the meaning of § 114–102, cf., Fowler v. Southern Wire & Iron, Inc., 104 Ga.App. 401, 122 S.E.2d 157 (1961), the court challenged those cases which barred recovery against third-party joint tortfeasors. Here, the defendant was acting within the scope of his employment, and thus any act on his part would be imputed to the Chattooga Mercantile Company, making them joint tortfeasors. However, the court held that "[t]here is nothing in our law which will prevent the employee from maintaining his action against the defendant Berry" since "[t]he seed of obiter planted in the *Wishard* case germinated and flowered, fortunately, into nothing more than obiter." The court noted that Berry was not an identical party to the employer and had a duty not to harm plaintiff-employee, both as a representative of the company and as an individual.

■ The *Echols* case has been repeatedly cited for its principle that a defendant may be sued in workmen's compensation cases, even if he is a joint tortfeasor and fellow-employee of the plaintiff. See, e. g., Gay v. Greene, 91 Ga.App. 78, 82, 84 S.E.2d 847 (1954), which, while involving an independent contractor rather than an agent of the employer, recognized the soundness of the *Echols* holding; and Borochoff, et al. v. Fowler, 98 Ga.App. 411, 414, 105 S.E.2d 764, 767 (1958), where the court recognized that in Georgia there may be "a recovery by the plaintiff against an individual third party tortfeasor even though he be a fellow employee or corporate officer." See, also, Thompson v. Milam, 115 Ga.App. 396, 398, 154 S.E.2d 721 (1967); Martin v. Theockary, supra; and 101 C.J.S. Workmen's Compensation § 985e, all citing *Echols* to support allowance of suits against co-employees and joint tortfeasors.

Similarly, a number of courts have permitted suits against co-employees where the statutes in question permit both recovery of workmen's compensation and suit against "a third-party tort-feasor". See, e. g., Martin v.

Theockary, supra, decided under Fla. Stat.1951, § 440.39, F.S.A., which cites *Echols* approvingly. Under the Federal Employees' Compensation Act, 5 U.S.C. § 757(b), a statute similar to Georgia Code § 114–103, the Fifth Circuit has ruled that a plaintiff-employee may sue a fellow-employee for negligence. Allman v. Hanley, supra.

Had Georgia wished to impose the limitation on recovery for which Walker here argues, a statute could have been drawn to require it, as done in North Carolina, N.C.Code § 97–9, Virginia, Va. Code, 1950, § 65–99, and New York, McKinney's Consol.Laws, c. 67, § 29, Subds. 1, 6. These states, as well as several others, see *Allman*, supra, 302 F.2d at 564, expressly bar employees from suing a fellow-employee. However, "in the absence of such specific provision in the act, only Massachusetts has barred a co-employee from recovering against a negligent fellow employee." *Allman*, supra, at 564.

Walker contends that:

"In the cases that have been determined in the Georgia Court where the fellow employee was not protected, the facts have shown that the co-workers or supervisory personnel had been guilty of willful misconduct or were not acting within the scope of their employment and furthering their employer's business, and were not joint tort feasors."

■ Defendant's contentions are ill-founded. In *Echols*, for example, if there had been wilful misconduct directed against an employee for "reasons personal to such employee", workmen's compensation would not have even been granted. The type of conduct by the defendant is irrelevant, so long as it can be considered an accident within Georgia Code § 114–103. Certainly negligence is within the meaning of "accident" in § 114–103. Likewise, in *Echols*, as in cases in other jurisdictions, the defendant was acting within the scope of his employment and was considered a joint tortfeasor, yet suit was allowed. The

prohibition against suing fellow-employees and joint tortfeasors in workmen's compensation cases is dead in Georgia. See, also, 101 C.J.S. Workmen's Compensation § 984, at p. 465.

Walker also argues that if a tort was committed, "the immunity of the employer would innure [sic] to the third party defendant." This argument, too, must fail. There is no reason why an employer's immunity from suit, earned by virtue of payment of workmen's compensation, should inure to a third-party defendant. Workmen's compensation is purely a matter between the employer and the injured employee. The *Minchew*, supra, and *Sheffield*, supra, cases cited in support of Walker's proposition are no longer relevant in the light of—and the interpretation given to—*Echols*. The court in *Echols* criticized the *Minchew* and *Sheffield* decisions and stated that the prohibition against suing the third-party defendant mentioned therein was dictum. 74 Ga. App. at 25, 38 S.E.2d 675.

For the reasons discussed above, Walker is a proper party for suit, and his motion to dismiss the third-party complaint against him is denied.