**Kelly WALDROP, Plaintiff,**

**v.**

**Bill CORDER, et al., Defendants.**

**Civ. A. No. 84-0229-P(J).**

United States District Court,
W.D. Kentucky,
Paducah Division.

Aug. 27, 1985.

Craig Housman, Williams, Housman Sparks & Franklin, Paducah, Ky., for plaintiff.

Herbert S. Sanger, Jr., James E. Fox, Robert Glinski, Knoxville, Tenn., for defendants.

MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

The plaintiff, Kelly Waldrop, alleges that the defendants are liable for injuries Waldrop received while working for the Tennessee Valley Authority. The defendants are officers and employees of the TVA.

**22**

The action was filed in the Circuit Court of McCracken County, Kentucky, but removed to this court. Removal jurisdiction exists under 28 U.S.C. § 1442(a)(1). The matter is before the court on defendants' motion for summary judgment. The motion presents three arguments: that the claims against all but two of the defendants are barred by the doctrine of official immunity; that all of the claims are barred under the Federal Employees Compensation Act (FECA); and that all of the claims are factually barred.

Waldrop concedes that his claims against Defendants Schuppert, Spraggs, Ziegler, Latsch, Spencer and Parker are barred by the doctrine of official immunity; however, he contends that the doctrine should not be extended to protect Defendants Shelly and Corder.

Official immunity shields government officials from suit, thereby assuring the unfettered exercise of discretion necessary for effective functioning of the government. *Barr v. Matteo*, 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434 (1959). The immunity is absolute, and protection under the doctrine turns upon the type of duties entrusted to an officer rather than the officer's mere title or position. *Barr*, 360 U.S. at 573–574, 79 S.Ct. at 1340–1341. Therefore, it is unimportant in the present case whether Shelly and Corder are entitled "engineers" "supervisors" or "foremen."

Waldrop does not dispute that Shelly and Corder were entrusted with the duty of supervising employees responsible for performing janitorial and maintenance duties. Nor does he dispute that Shelly and Corder were entrusted with supervising the two employees allegedly ordered to clean the area in which Waldrop's accident occurred. Instead, Waldrop contends that because Shelly and Corder made a decision to clean the area and then negligently failed to see that the decision was carried out, the reasoning behind the official immunity doctrine does not apply to the acts of Shelly and Corder. In other words, since immunity is designed to assure the unfettered exercise of discretion, it does not shield failures to carry out discretionary decisions already made. The court accepts that a decision was made and that Shelly and Corder negligently failed to see that the decision was carried out, but concludes that this does not affect Shelly's and Corder's entitlement to official immunity. Immunity extends to all discretionary acts taken within the "outer perimeter" of an official's line of duty. *Barr*, 360 U.S. at 575, 79 S.Ct. at 1341. Even though a decision was made to clean up the area where Waldrop allegedly fell, this did not end Shelly's and Corder's immunity. It was still within their line of duty to see that the decision was carried out and how they chose to carry out this duty was a matter committed to their discretion. They were free to delegate the responsibility, to follow up or not follow up, and to decide when to delegate or follow up. In this light, the court concludes that Shelly and Corder are protected by official immunity. Accordingly, they are entitled to a summary judgment on the claims against them.

The preceding conclusion does not affect the claims against Defendants Hamlet and York. Hamlet and York are the TVA employees who directly performed janitorial and maintenance jobs and who allegedly were responsible for cleaning the area where the accident occurred. They are, admittedly, *not* protected by official immunity. Hamlet and York contend, however, that the claims against them are barred by the provisions in the FECA. The FECA is the exclusive remedy for an employee of the United States or instrumentality of the United States. 5 U.S.C. § 8116(c). Since TVA is an instrumentality of the United States, Waldrop could not bring suit against TVA. Hamlet and York contend that they were "alter egos" of TVA and, therefore, Waldrop is also barred from bringing suit against them. Thus, the issues are whether Hamlet and York were alter egos of TVA, and, if so, whether this bars Waldrop's claims.

The court's analysis of these issues begins with the settled proposition that the FECA does *not* bar suits by an employee

of the United States or instrumentality against a co-employee. *Bates v. Harp,* 573 F.2d 930, 935 (6th Cir.1978); *Allman v. Hanley,* 302 F.2d 559, 564 (5th Cir.1962). This does not, however, resolve the question of whether an employee can bring suit against a co-employee acting as an alter ego of the employer. The parties have presented no federal authority which does resolve the question presented. Accordingly, the court must draw upon state cases interpreting analogous workers compensation statutes in analyzing the issue. *See Allman,* 302 F.2d at 562–563.

■ TVA, as Waldrop's employer, had a duty to provide Waldrop with a safe place to work. The gist of Waldrop's complaint is that the defendants, including Hamlet and York, failed to correct a condition hazardous to the safety of Waldrop and other employees. Viewed in this light, Waldrop's claim is that Hamlet and York failed to perform responsibilities assigned to them by TVA, resulting in breach of a duty owed by TVA to its employees. Because the responsibilities Hamlet and York allegedly failed to perform were assigned to them out of TVA's duty to provide its employees with a safe place to work, the court concludes that Hamlet and York, in carrying out their responsibilities involved in this case, acted as alter egos of TVA. This conclusion is supported by decisions interpreting analogous workers compensation statutes. *See e.g., Dessert v. Electric Mutual Liability Ins. Co.,* 392 So.2d 340 (Fla. Dist.Ct.App.1981), *cert. denied,* 399 So.2d 1141 (Fla.1981); *Athas v. Hill,* 300 Md. 133, 476 A.2d 710 (1984). Because Hamlet and York acted as alter egos of TVA, *i.e.,* because they were performing responsibilities designed to satisfy TVA's duty to provide a safe place to work, the court further concludes that Waldrop is barred from bringing suit against Hamlet and York. The reasoning is simple—since Hamlet and York stood in TVA's place when fulfilling TVA's responsibility to provide a safe place to work, they also stand in TVA's place under the exclusive remedy provisions of the FECA, and are entitled to the protection of those provisions. Courts which

have interpreted analogous workers compensation statutes agree that employees fulfilling the employer's duties are entitled to rely upon the employer's exclusive remedy protections. *See e.g., Simmons First National Bank v. Thompson,* 285 Ark. 275, 686 S.W.2d 415, 417 (1985); *Dessert,* 392 So.2d at 342–343; *Athas,* 476 A.2d at 718; *Missouri ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180–181 (Mo.Ct.App.1982) (*en banc*). Waldrop attempts to distinguish these cases by pointing out that they all involve officers and supervisors. With this distinction in mind, he argues that the alter ego analysis should not be extended to shield lower level employees such as Hamlet and York. Although the court accepts the factual distinction between the cases cited and the present situation, the distinction does not alter the court's conclusion. Despite the fact that the cited cases involve upper level employees the cases do not distinguish between upper and lower level employees and do not expressly limit their impact to a particular class of employees. Moreover, the rationale of the cases is as applicable to lower level employees as it is to upper level employees. Indeed, even though upper level officers and supervisors are more likely to act as alter egos of an employer, there may be limited situations in which ordinary employees step into such a role, and when this occurs, the role of the ordinary employee is no different from the role of the officer or supervisor, *i.e.,* they each act as alter egos of the employer.

The court finds that there are no genuine issues of material fact concerning the issues raised in defendants' motion for summary judgment, and that defendants are entitled to judgment as a matter of law. Accordingly, for the reasons previously presented, the defendants' motion for summary judgment will be granted. Because the issues discussed are sufficient to entitle the defendants to summary judgment, the court need not reach defendants' argument that Waldrop's claims are factually barred.

An appropriate order will be entered.