Emmy AUSTIN, and William L. Austin, Sr., as Next of Kin of William L. Austin, Jr., Deceased, Plaintiffs-Appellees,

v.

COUNTY OF SHELBY, Tennessee, et al., Defendants-Appellants.

Court of Appeals of Tennessee, Western Section at Jackson.

August 20, 1982.

Application for Permission to Appeal Denied by Supreme Court Oct. 25, 1982.

G. Wynn Smith, Jr., Patrick M. Ardis and Thomas J. Walsh, Jr., Memphis, for plaintiffs-appellees.

J. Minor Tait, Jr., Edmund O. Archer, and Warner Hodges, III, Memphis, for defendants-appellants Shelby County, William N. Morris, Jr., Roy C. Nixon, E. Lee Hyden, Bobby W. Fisher, James G. Harbor, George A. Dando, Robert D. Holden, Charles B. Barbaro, and John Green.

James M. Manire, Memphis, for defendants-appellants City of Memphis, Wyeth Chandler, Maynard C. Stiles, Jr., Frank P. Palumbo, Jr., Henry R. Evans, Clay W. Huddleston and James G. James, Jr.

NEARN, Judge.

A discretionary appeal under Rule 9, Tennessee Rules of Appellate Procedure was granted in this case.

The question is whether the severance provisions of the Tennessee Governmental Tort Liability Act found in T.C.A. § 29–20–313 are mandatory.

The answer is yes.

In this wrongful death case plaintiffs Austin sued over fifty defendants including governmental entities, officials and employees thereof, private business entities and private individuals. The governmental entities sought a severance under the provisions of the Tennessee Governmental Tort Liability Act; specifically Section 29–20–313 thereof which, in pertinent part, is as follows:

(b) Where there are multiple defendants to a lawsuit and the plaintiff is entitled to a jury trial as to one (1) or more of such defendants and is not as to others, the court shall sever the trial of those defendants for which the plaintiffs may demand a jury trial from those for which he may not.

(c) Where the trial of multiple defendants has been severed by the court because some of the defendants are governmental entity employees for the purpose of immunity and some are not, the trier of fact shall determine the liability and damages of only those defendants before it. Each such multiple defendant shall only be liable for the amount of damages assessed against him by his particular trier of fact.

The Trial Judge was of the opinion that the word "shall" as used therein could be construed as a discretionary "may" and refused to sever and this appeal resulted. The Court stated that based on "the legislative history of Tenn.Code Ann. § 29–20–313 as reflected in the official transcripts of the House and Senate debate, the Court concludes that it has discretion to grant or to deny the requested severance, and the Court finds that neither justice nor sound judicial administration would be served by a severance."

The legislative history spoken of by the Trial Judge consists of comments of a legislator made upon the floor of the legislature explaining his views of what the act accomplishes. This Court is of the opinion that such comments are of little assistance to a

Court in construing legislative intent. Such comments are necessarily only an expression of one legislator's opinion of what an act expresses or accomplishes. Other legislators are perfectly free to read the act for themselves and are entitled to different opinions. If such type of legislative history is ever of much assistance to a Court it seems to this Court that its value might lie in instances where the act in question is ambiguous. Here, the comments of a legislator are sought to be used to, in effect, impeach the clear words of the act passed by the majority.

Neither do we believe that judicial economy or convenience is sufficient reason to soften the verbiage of the Statute.

 In addition, the doctrine of Sovereign Immunity has been a part of the common or case law of this state for a considerable period of time. *Coffman v. City of Pulaski,* (1967) 220 Tenn. 642, 422 S.W.2d 429; *Johnson v. Oman Construction Company, Inc.,* (1975 Tenn.) 519 S.W.2d 782. The Tennessee Governmental Tort Liability Act is clearly in contravention of that common law. Therefore, such acts must be strictly construed. *Olsen v. Sharpe,* (1950) 191 Tenn. 503, 235 S.W.2d 11.

 Under such rule of construction "shall" means shall.

Accordingly, the judgment below is reversed with costs of appeal adjudged against appellees.

SUMMERS and TOMLIN, JJ., concur.