# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

PATRICIA DOYLE and )
JOHN DOYLE, )
                 )
    Plaintiffs/Appellees, )
                 )
VS. )
                 )
JOYCE D. COLE and )
TOBY R. LEE, )
                 )
    Defendants, )
                 )
METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON )
COUNTY, acting by and through the )
ELECTRIC POWER BOARD as )
NASHVILLE ELECTRIC )
SERVICE, )
                 )
    Defendant/Appellant. )

Appeal No.
M1999-02115-COA-R9-CV

Davidson Circuit
No. 98C-3429

FILED

January 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL SOLOMAN, JUDGE

FOR THE APPELLEE:

AMY E. ADAMS
2908 Poston Avenue
Nashville, Tennessee 37212

FOR THE APPELLANT:

C. DEWEY BRANSTETTER, JR.
227 Second Avenue, N.
Nashville, Tennesseee 37201-1693

EUGENE W. WARD
1214 Church Street
Nashville, Tennessee 37203

REVERSED AND DISMISSED

BEN H. CANTRELL, P.J., M.S.

# **O P I N I O N**

This appeal involves the question of whether an action can be maintained against a governmental entity when it was originally filed in the general sessions court and later "removed" to the circuit court after the statute of limitations expired. The Circuit Court of Davidson County overruled the defendant's motion for summary judgment. We reverse the circuit court's judgment and dismiss the action.

## I.

On October 26, 1998, the plaintiffs, Patricia Doyle and John Doyle, filed a civil warrant in the General Sessions Court of Davidson County against the Nashville Electric Service (NES). They claimed that they were injured in an accident caused by a NES agent on November 6, 1997. NES filed a motion to dismiss on the ground that exclusive jurisdiction over any action brought against a governmental entity was in the circuit court. The plaintiffs filed a motion to "remove" the case to the circuit court. On December 10, 1998 the general sessions court transferred the case to the circuit court.

NES filed a motion for summary judgment in the circuit court asserting that the lawsuit was untimely under Tenn. Code Ann. § 29-20-305(b). The circuit court overruled the motion for summary judgment but granted NES an interlocutory appeal under Rule 9, Tenn. R. App. Proc.

## II.

NES, as a governmental entity, is immune from suit except to the extent that the immunity has been removed by the legislature. In 1973 the legislature passed the Governmental Tort Liability Act which partially removed the immunity for entities like NES, but the Act provided that any claim for damages "must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. § 29-20 201(c). *Austin v. County of Shelby*, 640 S.W.2d 852 (Tenn. Ct. App. 1982). Part 3 of the Act requires that all actions be brought in circuit court, except for those arising in counties having a population of more than 600,000, and the action must be brought within twelve months after the cause of action arises. Tenn. Code Ann. § 29-20-305(b)(Supp. 1999).

The appellees concede that they did not file this action in the circuit court within twelve months of the accident. They contend, however, that by filing the action in the general sessions court they tolled the running of the statute of limitations and that the transfer to the circuit court kept the action alive. They rely on *Flowers v. Dyer County*, 830 S.W.2d 51 (Tenn. 1992), where the Supreme Court allowed an action to continue against a governmental entity when it was filed initially in the chancery court. The Supreme Court, however, followed the provisions of a statute, Tenn. Code Ann. § 16-11-102(b), that mandated the transfer of suits filed in chancery court to the circuit court when the chancery court does not have subject matter jurisdiction. Although the statute of limitations was not raised in that case, we assume that the Supreme Court

would view the filing in chancery under a statute requiring transfer to the circuit court, to be the same as filing in the circuit court.

We know of no comparable statutory provisions mandating (or allowing) a case to be transferred from the general sessions court to the circuit court. The circuit court does have appellate jurisdiction over cases tried in the general sessions court, Tenn. Code Ann. § 16-10-112, and the circuit and chancery courts may remove cases from the general sessions courts by writ of certiorari. Tenn. Code Ann. § 27-8-104. But we hold that the general sessions court did not have the authority to transfer one of its cases to the circuit court prior to the rendition of judgment.[1]

In a case involving an unauthorized transfer from the circuit court to the Tennessee Claims Commission, this court dismissed the action on a statute of limitations defense. The court said, "since the case was not transferred pursuant to Tenn. Code Ann. § 9-8-307(i)(1), the filing of the action in the Circuit Court . . . cannot be relied upon to toll the running of the statute of limitations." *Locust v. State*, 912 S.W.2d 716 at 718 (Tenn. Ct. App. 1995). We think the same reasoning applies here.

**III.**

The appellees argue that NES is estopped from objecting to the transfer because they did not oppose the motion in the general sessions court.

---

[1] See Tenn. Code Ann. § 27-8-105 for the authority of two general sessions judges to grant an appeal after judgment.

We disagree. In addition to the general rule that estoppels are not favored in the law, *Aussenberg v. Kramer*, 944 S.W.2d 367 (Tenn. Ct. App. 1996), and that an estoppel against a governmental entity can only be invoked for an affirmative act inducing the other party to act to his or her detriment, *Bledsoe County v. McReynolds*, 703 S.W.2d 123 (Tenn. 1985), there is the problem of using an estoppel to confer on a court the power that it does not have. Subject matter jurisdiction cannot be conferred by consent, and neither waiver nor estoppel can be more effective than the consent of the parties. *James v. Kennedy*, 129 S.W.2d 215 (Tenn. 1939).

The judgment of the court below is reversed and the action is dismissed. Remand the case to the Circuit Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellees, Patricia and John Doyle.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE